**In re the Marriage of Dianne M. TRACKWELL, Appellant–Respondent,**

**v.**

**Allan D. TRACKWELL, Appellee–Petitioner.**

**No. 84A01–0006–CV–192.**

Court of Appeals of Indiana.

Dec. 20, 2000.

Teri M. Lorenz, Hunt, Hassler & Lorenz, Terre Haute, Indiana, Attorney for Appellant.

Dennis H. Stark, Fleschner, Fleschner, Stark, Tanoos & Newlin, Terre Haute, Indiana, Attorney for Appellee.

## OPINION

BROOK, Judge

### Case Summary

Appellant-respondent Dianne M. Trackwell ("Wife") appeals from the trial court's dissolution of her marriage to appellee-petitioner Allan D. Trackwell ("Husband"). We reverse and remand.

### Issue

Wife presents a single issue for review, which we restate as whether the trial court abused its discretion in selecting the date of Husband and Wife's physical separation for purposes of valuing their marital assets.

### Facts and Procedural History

Husband and Wife were married on June 1, 1985, without a prenuptial agreement. At the time of the marriage, both parties were employed at Columbia House and had individual pension and employee investment fund ("EIF") accounts through their employment. Husband and Wife had no children during their marriage and physically separated in November 1995.

Husband filed a petition for dissolution of the marriage on March 11, 1999. After a final hearing on May 1, 2000, the trial court entered a dissolution decree on May 12, 2000. In dividing the marital estate, the trial court found November 1995 to be a "just and reasonable" date for valuing the assets and declared each party to be the owner of his or her respective pension and EIF account. The court found that from the date of marriage to November 1995, Husband's pension and EIF accounts had increased in value by $132,183.51 and $85,199.32 respectively. During that same period, Wife's pension and EIF accounts had increased in value by $23,469.20 and $21,382.83 respectively. To equalize the parties' estate, the trial court ordered Husband to transfer $58,988.72 from his EIF account to Wife's EIF account. Wife now appeals.

### Discussion and Decision

At Wife's request, the trial court entered special findings of fact and conclusions of law pursuant to Indiana Trial Rule 52(A). We therefore employ a two-tiered standard of review: we first determine whether the evidence supports the factual findings and then determine whether those findings support the judgment. *See Bertholet v. Bertholet*, 725 N.E.2d 487, 495 (Ind.Ct.App.2000). "On review, we do not set aside the trial court's findings or judgment unless clearly erroneous." *Id.* (citing T.R. 52(A)). "A finding is clearly erroneous when there is no evidence or inferences reasonably drawn therefrom to support it. The judgment is clearly erroneous when it is unsupported by the findings of fact and conclusions entered on the findings." *Id.* at 495 (citations omitted).

More specifically, the trial court has broad discretion in determining the value of property in a dissolution action, and we will disturb its valuation only for an abuse of this discretion. *See id.* at 497. "We will reverse the trial court's decision as to a valuation date only if it is clearly against the logic and effect of the facts and

circumstances before the trial court." *Reese v. Reese*, 671 N.E.2d 187, 191 (Ind. Ct.App.1996), *trans. denied.* As the party challenging the trial court's property division, Wife must overcome a strong presumption that the trial court complied with the statutory guidelines. *See Bertholet*, 725 N.E.2d at 494.

▮ Indiana Code Section 31–15–7–4 [1] provides in relevant part that the trial court

(a) shall divide the property of the parties, whether:

(1) owned by either spouse before the marriage;

(2) acquired by either spouse in his or her own right:

(A) after the marriage; and

(B) before final separation of the parties; or

(3) acquired by their joint efforts.

(b) shall divide the property in a just and reasonable manner by:

(1) division of the property in kind;

(2) setting the property or parts of the property over to one (1) of the spouses and requiring either spouse to pay an amount, either in gross or in installments, that is just and proper.

Indiana Code Section 31–9–2–46 defines "final separation" as "the date of filing of the petition for dissolution of marriage under [Indiana Code Section] 31–15–2–4," unless the parties were in the process of obtaining or had obtained a legal separation when the dissolution petition was filed.[2] Here, the parties did not obtain a legal separation but instead initiated a physical separation in November 1995. "The court shall presume that an equal division of the marital property between the parties is just and reasonable." IND. CODE § 31–15–7–5.

Husband and Wife do not dispute that their pension and EIF accounts are marital assets subject to division and valuation by the trial court or that the trial court properly divided the marital assets. *See Hurst v. Hurst*, 676 N.E.2d 413, 415 (Ind. Ct.App.1997) ("All property owned by the parties, whether acquired prior to the marriage or through inheritance, is marital property. A trial court has no authority to exclude or 'set aside' marital property. Rather, the trial court is required to divide all marital property between the parties." (citations omitted)). Their sole disagreement concerns the date that the court should have selected in valuing the accounts.[3] We agree with Wife that the trial court abused its discretion in not selecting a date between the dissolution petition filing date and the final hearing date. *See Quillen v. Quillen*, 671 N.E.2d 98, 102 (Ind.1996) ("This court has made clear that the trial court has discretion when valuing the marital assets to set any date between the date of filing the dissolution petition and the date of the hearing." (citing *Eyler v. Eyler*, 492 N.E.2d 1071, 1074 (Ind. 1986)); *Bertholet*, 725 N.E.2d at 497 ("Moreover, our supreme court has made it clear that the trial court has discretion to value the marital assets at any date between the date of filing the dissolution petition and the date of the hearing." (citing *Quillen*)); *Knotts v. Knotts*, 693 N.E.2d 962, 968 (Ind.Ct.App.1998) (citing *Quillen*), *trans. denied; Hiser v. Hiser*, 692 N.E.2d 925, 928 (Ind.Ct.App.1998) ("For purposes of choosing a date upon which to value marital assets, the trial court may select any date between the date of filing the petition for dissolution and the date of the final hearing." (citing *Staller v. Staller*, 570 N.E.2d 1328, 1331 (Ind.Ct.App.1991)); *Reese*, 671 N.E.2d at 191 ("The trial court also has discretion in choosing the date on which to value the

---

**1.** Formerly IND.CODE § 31–1–11.5–11.

**2.** In such a case, "final separation" "means the date that the petition for legal separation was filed[.]" *See* IND.CODE § 31–9–2–46.

**3.** Wife alleges that "[h]ad the court equally divided the marital estate, determined as of the date of final separation, [Wife] would have received at least $86,306 more in assets than those allocated to her by the trial court." Appellant's Brief at 13.

property. It can choose any date between the date of the filing of the petition for dissolution and the date of the hearing." (citing *Quillen*)); *In re Marriage of Sloss*, 526 N.E.2d 1036, 1038–39 (Ind.Ct.App. 1988) ("No finding of fact or conclusion of law specifically indicated the property division valuation date. The trial court may use any date between the final separation and the date of dissolution as the valuation date." (citing *Eyler*)).

The cases on which Husband relies[4] address the date of the *division* of marital assets, rather than the date of their *valuation,* and are thus inapplicable to the case at bar.[5] *See Grimes v. Grimes,* 722 N.E.2d 374, 377 (Ind.Ct.App.2000) ("While it is true that the trial court could have exercised its discretion and considered the date the parties no longer resided together, it was not an abuse of discretion for the trial court to refuse to consider that date in dividing the marital property."), *trans. denied; In re Marriage of Duke,* 549 N.E.2d 1096, 1098 (Ind.Ct.App.1990) (recognizing that "the date of actual separation has significance for the court's consideration of a just and reasonable division of the parties' property" (citing *Hunter v.*

*Hunter,* 498 N.E.2d 1278 (Ind.Ct.App. 1986)), *rehearing granted on other grounds,* 552 N.E.2d 504 (Ind.Ct.App. 1990), *trans. denied; Hunter,* 498 N.E.2d at 1295) ("The date the parties no longer resided together is a fact which the court can, in its discretion, consider in its just and reasonable division of property. The court is not bound to use the date of final separation.").[6]

The trial court in the instant case abused its discretion in selecting the date of the parties' physical separation for purposes of valuing the marital assets. We therefore reverse and remand with instructions to select a date "between the date of filing the dissolution petition and the date of the hearing" for valuing the marital assets, including the parties' pension and EIF accounts. *Quillen,* 671 N.E.2d at 102.

Reversed and remanded.

SULLIVAN, J., and NAJAM, J. concur.

---

4. We note that an opinion cited by Husband in his appellate brief, *Bartrom v. Adjustment Bureau, Inc.,* 600 N.E.2d 1369 (Ind.Ct.App. 1992), was vacated upon transfer to our supreme court. *See* 618 N.E.2d 1 (Ind.1993).

5. *See Hacker v. Hacker,* 659 N.E.2d 1104, 1108 (Ind.Ct.App.1995) ("The standard for reviewing the trial court's *valuation* of property is the same as the standard for reviewing the court's *division* of property." (emphases added)). Although the standard of review for the trial court's valuation and division of marital property is the same, the procedures themselves are obviously different. In dividing the property, the trial court determines which party should receive which assets; in valuing the property, the trial court determines the worth of these assets. Because the parties challenge neither the division of the marital property nor the date of such division, we do not address these questions on appeal.

6. The *Hunter* court offered the following observations:

The date of actual separation of the parties and the date of "final separation" each have a distinct legal significance. Here, the record indicates that after the parties actually separated on February 4, 1983, each was responsible for his or her own expenses. The parties[ ] stipulated in the pretrial order that the date of separation was February 11, 1983. The date of "final separation", as described in the marital property division section of our dissolution statute [31–1–11.5–11], refers to [the] date upon which the trial court establishes the property which is included in the "marital pot" for division.

498 N.E.2d at 1295. *See also Hann v. Hann,* 655 N.E.2d 566, 569 (Ind.Ct.App.1995) ("Only property acquired after the final separation date of the parties is excluded from the marital assets."), *trans. denied; In re Marriage of Adams,* 535 N.E.2d 124, 126–27 (Ind.1989) ("The 'prior to final separation' demarcation applies only to property acquired by either spouse 'in his or her own right.' Thus a trial court could distribute property acquired after the filing of the petition for dissolution if acquired 'by their joint efforts.' ").