**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JAIMIE L. CAIRNS**
Ruppert & Schaefer, P.C.
Indianapoilis, Indiana

ATTORNEY FOR APPELLEE:

**MARTIN R. SHIELDS**
Newcastle, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| PAMELA A. THOMPSON, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 33A01-1210-DR-454 |
| | ) | |
| CARROLL E. THOMPSON, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE HENRY CIRCUIT COURT
The Honorable Jay L. Toney, Special Judge
Cause No. 33C01-0804-DR-33

**March 27, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Respondent Pamela A. Thompson ("Wife") appeals from the trial court's dissolution of her marriage to Appellee-Petitioner Carroll E. Thompson ("Husband"). Wife claims that the trial court abused its discretion in not selecting the date of the parties' physical separation, and alternatively, the date of their final separation, for the purpose of calculating Wife's home equity credit. We conclude that the court was within its discretion in using the date of the parties' final hearing, but remand is warranted due to the court's clearly erroneous finding that the parties presented no evidence as to the mortgage loan balance on the date of final separation. Wife also claims that the trial court committed clear error in finding that she incurred only $3000.00 in home repair costs during the pendency of the dissolution. We conclude that the record supports the court's finding on and determination of this issue. Wife further claims that the trial court abused its discretion in awarding her only $5000.00 of Husband's pension benefits. Because neither party presented evidence of the pension's value, we are unable to determine whether this award effectuates an even distribution of the marital estate, and we remand for further findings. The judgment of the trial court is affirmed in part, reversed in part, and remanded with instructions.

## FACTS AND PROCEDURAL HISTORY

Wife and Husband were married on October 19, 1975. The parties physically separated and Wife filed for dissolution of the marriage (the "2006 Petition") on May 26, 2006. Nearly two years later, Wife moved to dismiss the 2006 Petition, indicating to the court her intent to reconcile and seek counseling with Husband. The 2006 Petition was dismissed on March 27, 2008, but reconciliation was unsuccessful. On April 24, 2008,

2

Husband filed for dissolution of the marriage (the "2008 Petition"), on which petition a final hearing was held on December 29, 2010.

Husband and Wife own a marital home, in which Wife and the parties' two sons continued to reside after Husband and Wife separated. Wife has been the only party to make payments toward the marital home's mortgage loan balance since the date of physical separation. Pursuant to a Provisional Order entered on the 2006 Petition, Husband paid "child support and bills" until that petition was dismissed. Appellant's App. p. 64.

At the final hearing, Wife presented a bank statement showing that the mortgage loan balance was $33,771.43 at the time of the parties' physical separation and on the filing date of the 2006 Petition. Wife also presented a self-prepared, undated financial declaration listing $18,804.88 as the combined balance of two mortgage loans, which she contends was the balance on or around the filing date of the 2008 Petition. Referring to the items listed on her financial declaration, Wife testified, "I got a mortgage on my home and that is what I owed." Tr. p. 36. Wife further testified that the mortgage loan balance on the date of the final hearing was $6500.00, but she presented no physical evidence supporting that value.

In addition to evidence concerning the mortgage loan balance, Wife presented documentation showing costs she incurred in making repairs to the marital home during the pendency of the dissolution. This consisted of a $3050.00 "material and labor" proposal tendered by Steve Brown, Appellant's App. p. 19; a $216.89 receipt for materials purchased at a hardware store; and a copy of an $800.00 check written to

Steven Brown for "home repair." Appellant's App p. 21. Attached to the check was a note stating, "[M]oney down plus $200.00 cash." Appellant's App. p. 23.

With respect to the parties' retirement assets, Wife presented financial statements listing a combined value of $9283.84 for her 457 and 401(a) accounts and a value of $11,722.60 for her State PERF account. Husband testified that, at the time of the final hearing, he was receiving a monthly pension payment from his former employer in the amount of $756.00. He did not know, however, the total value of his pension. Likewise, Wife testified that she did not know the value of Husband's pension and admitted that she had presented no evidence containing that information.

The trial court entered its dissolution decree on September 11, 2012, finding that the marital estate should be distributed evenly and issuing the following findings of fact relevant to this appeal:

> 3. There was a prior Petition for Dissolution of Marriage filed by [Wife] against [Husband] on May 26, 2006, which was dismissed March 27, 2008.
>
> 4. During the time that the previous dissolution was pending, [Wife] was making payments on the mortgage for the marital estate, and [Husband] was making support payments to [Wife] for the benefit of the minor children.
>
> ***
>
> 11. [A]t the time of the final hearing, approximately $6,500.00 was owed on the mortgage for the marital residence; the parties provided the Court with no figure for the amount of the mortgage balance upon the date of filing.
>
> 12. [Wife] has been making mortgage payments on the marital residence since the filing of the Petition.
>
> ***
>
> 22. [A]fter the date of filing, [Wife] has incurred approximately $3,000.00 in basic repairs for the home, and [she] paid for these repairs.
>
> ***

4

25. [Husband] is retired and receives social security benefits of $1,485.00 per month, and a pension from Dana Corp. of $ 756.00 per month.

26. [A]s of March 31, 2006, [Wife] had 457 and 401(a) accounts with the State with a total value of $9,283.84; she also had a PERF account with the State with a value of $11,722.60, for a total of $21,006.44.

27. [A]lthough neither party provided the Court with a present value of the pension benefits of [Husband], it appears that [he] will receive substantial pension benefits as compared to those of [Wife].

28. [D]ue to the difference in the pensions of the parties and in order to avoid utilizing a [qualified domestic relations order ("QDRO")] while still achieving an equal divi[s]ion of personal property, [Wife] should receive $5,000.00 more from the equity in the real estate than [Husband] should receive.

Appellant's App. pp. 6-8.

Ultimately, the trial court ordered that the marital home be sold and its proceeds divided as follows:

B. The mortgage shall be completely paid.

C. [Wife] shall be paid the difference between $6,500.00, which was the amount owed on the mortgage at the time of the final hearing, and the amount of the mortgage payoff, as the decrease in the mortgage balance was due to payments made solely by [her].

D. [Wife] shall receive $3,000.00, representing the repairs she incurred on the home.

E. [Wife] shall receive $5,000.00 due to the differing pensions of the parties as referred to prior in this Decree.

F. The remaining proceeds shall be split evenly between the parties.

Appellant's App. p. 9.

## DISCUSSION AND DECISION

5

Indiana Code section 31-15-7-4(b) requires a trial court to divide a marital estate in a "just and reasonable manner." Wife argues that the trial court abused its discretion in dividing the marital estate and presents four issues for our review. We restate these issues as follows:

I.      Whether the trial court abused its discretion in not selecting the date of physical separation for the purpose of valuing the mortgage loan balance in calculation of Wife's home equity credit.

II.      Whether the trial court committed clear error in finding that neither party presented evidence as to the mortgage loan balance on the date of final separation.

III.      Whether the trial court committed clear error in finding that Wife only incurred approximately $3000.00 in home repair costs during the pendency of the dissolution.

IV.      Whether the trial court abused its discretion in awarding Wife only $5000.00 of Husband's pension benefits.

When, as here, the trial court issues findings of facts and conclusions of law, our standard of review is two-tiered. *Trackwell v. Trackwell*, 740 N.E.2d 582, 583 (Ind. Ct. App. 2000).

> [W]e first determine whether the evidence supports the factual findings and then determine whether those findings support the judgment. On review, we do not set aside the trial court's findings or judgment unless clearly erroneous. A finding is clearly erroneous when there is no evidence or inferences reasonably drawn therefrom to support it. The judgment is clearly erroneous when it is unsupported by the findings of fact and conclusions entered on the findings.
>
> More specifically, the trial court has broad discretion in determining the value of property in a dissolution action, and we will disturb its valuation only for an abuse of this discretion. We will reverse the trial court's decision as to a valuation date only if it is clearly against the logic and effect of the facts and circumstances before the trial court. As the party challenging the trial court's property division, Wife must overcome a strong presumption that the trial court complied with the statutory guidelines.

6

*Id.* at 583-84 (citations and quotations omitted). "The standard for reviewing the trial court's valuation of property is the same as the standard for reviewing the court's division of property." *Hacker v. Hacker*, 659 N.E.2d 1104, 1108 (Ind. Ct. App. 1995).

### I. Mortgage Loan Balance as of Physical Separation

Wife claims that the trial court abused its discretion in not selecting the parties' date of physical separation for the purpose of valuing the mortgage loan balance in calculation of Wife's home equity credit. Wife relies on our holdings in *Grimes v. Grimes*, 722 N.E.2d 374 (Ind. Ct. App. 2000), and *Hunter v. Hunter*, 498 N.E.2d 1278 (Ind. Ct. App 1986), but these cases are inapposite, as they "address the date of the *division of* marital assets, rather than the date of their *valuation*[.]" *Trackwell*, 740 N.E.2d at 585 (distinguishing *Grimes* and *Hunter*). In *Trackwell*, we held that a trial court abused its discretion in selecting the date of physical separation, rather than a date between the final separation date and the date of the final hearing, for the purpose of valuing a marital asset. *Id.* at 584 (citing *Quillen v. Quillen*, 671 N.E.2d 98, 102 (Ind. 1996) ("This court has made clear that the trial court has discretion when valuing the marital assets to set any date between the date of filing the dissolution petition and the date of the hearing.")). Here, the court valued the mortgage loan balance as of the date of the final hearing, a decision that was within its discretion.

### II. Mortgage Loan Balance as of Final Separation

"'Final separation', for purposes of [property distribution], means the date of filing of the petition for dissolution of marriage." Ind. Code. § 31-9-2-46. Wife claims clear error with respect to the trial court's finding that "the parties provided the Court with no

figure for the amount of the mortgage balance upon the date of filing [the 2008 Petition]." Appellant's App. p. 7. Our review of the record reveals that this finding is indeed erroneous. At the final hearing, Wife presented a financial declaration indicating that the mortgage loan balance was $18,804.88.[1] Wife also testified regarding the items listed in her financial declaration, stating, "I got a mortgage on my home and that is what I owed." Tr. p. 36. This evidence was admitted into evidence without objection by Husband.

The trial court may have had good reason to discredit the mortgage loan balance listed on Wife's financial declaration, but, given its finding that no evidence was presented, we are unable to evaluate that reason on appeal. We therefore reverse the court's judgment on this issue and remand for further consideration. Specifically, we instruct the trial court to either issue a finding as to why the mortgage loan balance listed on Wife's financial declaration is an inappropriate basis from which to calculate Wife's home equity credit, or enter an order granting Wife a home equity credit, calculated as the difference between $18,804.88 and the amount of the mortgage loan payoff following sale of the marital home.

### III. Home Repair Costs

Wife claims the trial court's finding that she "incurred approximately $3,000.00 in basic repairs for the home" is clearly erroneous. Appellant's App. p. 8. Wife contends that she presented documentation showing that these repairs totaled $4266.89, but we

---

[1] Although Wife's financial declaration is not dated, the document lists the monthly mortgage payment as $591.19, and twenty-four months elapsed between the filing dates of the 2006 and 2008 Petitions. From this information, Wife calculates that she reduced the mortgage loan balance from $33,771.43 to $19,582.87 by the date of final separation, and contends that "it is reasonable to conclude that the [$18,804.88] shown on her financial declaration is the balance as of some point on or after the date of filing." Reply Br. p. 5.

conclude that the record supports the court's finding. In addition to the $3050.00 "material and labor" proposal tendered by Steve Brown, Appellant's App. p. 19, Wife's alleged total presumably includes the $216.89 in materials, paid to a hardware store, and the $800.00 "home repair" check and $200.00 cash, paid to Steve Brown as "money down." Appellant's App. p. 23. The trial court reasonably could have inferred that these expenses were accounted for by the $3050.00 "material and labor" proposal, and therefore, we cannot say that its finding and conclusion thereon are clearly erroneous.

### IV. Husband's Pension

Wife claims that the trial court abused its discretion in awarding her only $5000.00 of Husband's pension benefits. She contends that there is no evidence in the record from which the court could have concluded that $5000.00 effectuates an even distribution of the marital estate. Appellant's App. p. 8. We agree. The trial court found that Husband's pension benefits are "substantial" as compared to Wife's retirement assets and awarded Wife $5000.00 from the sale of the marital home to equalize the difference. Appellant's App. p. 8. But the court also found, correctly, that "neither party provided the Court with a present value of [Husband's] pension benefits." Appellant's App. p. 8. Without knowing the value of Husband's pension, we are unable to evaluate the reasonableness of the court's distribution.

We further agree with Wife's contention that a QDRO would have allowed the court to divide Husband's pension on a percentage basis, without the need for evidence as to the pension's value. *See In re Marriage of Preston*, 704 N.E.2d 1093, 1100 (Ind. Ct. App. 1999). The trial court awarded Wife $5000.00, in part, "to avoid utilizing a

9

QDRO," Appellant's App. p. 8, but it did not explain why it sought to avoid this method of distribution. We therefore reverse and remand with instructions for the trial court to either issue a finding as to how Wife's $5000.00 award effectuates an even distribution of the marital estate, or enter an order that divides Wife's and Husband's eligible retirement benefits in a manner that ensures equal distribution. If necessary to achieve that end, the court should utilize a QDRO, hold further evidentiary proceedings, and/or adjust its division of the parties' other marital property.

The judgment of the trial court is affirmed in part, reversed in part, and remanded with instructions.

NAJAM, J., and FRIEDLANDER, J., concur.