**FILED**

Nov 27 2019, 10:26 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court



| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Jonathan M. Michael | Joseph Verkamp |
| Newburgh, Indiana | Jasper, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kurt E. Baglan, | November 27, 2019 |
| *Appellant-Petitioner,* | Court of Appeals Case No. 19A-DN-858 |
| v. | Appeal from the Dubois Superior Court |
| Jamey E. Baglan, | The Honorable Ryan D. Johanningsmeier, Special Judge |
| *Appellee-Petitioner.* | Trial Court Cause No. 19D01-1708-DN-499 |

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Petitioner, Kurt Baglan (Husband), appeals from the trial court's Order dividing the marital estate he formerly shared with Appellee-Respondent, Jamey Baglan (Wife).

We affirm in part, reverse in part, and remand with instructions.

# ISSUES

Husband presents two issues on appeal which we restate as follows:

  (1)  Whether the trial court abused its discretion in dividing the marital assets; and

  (2)  Whether the trial court abused its discretion in valuing certain marital assets.

# FACTS AND PROCEDURAL HISTORY

The parties were married on September 9, 1989.  During the course of the marriage, both parties were employed by Boeckman's Furniture, Inc. (Boeckman's Furniture), a business located in Jasper, Indiana, which had been owned and operated by Wife's parents since 1972.  On January 1, 2015, Wife's mother gifted Wife twenty-six shares in Boeckman's Furniture.  For gift tax purposes, the shares were valued at $120,640 at the time of the transfer.

The parties also accumulated substantial real and personal property during the marriage.  Among this property were vehicles, stock held in the German American Bank, a gun collection, jewelry, and real property owned through Boeckman Rentals, a company the parties equally co-owned with Wife's brother and Wife's sister-in-law.  On August 2, 2017, the parties legally separated when Husband filed a petition for dissolution.

[6] The trial court held the final dissolution hearings on September 10, 2018, and December 21, 2018. Wife argued that the Boeckman's Furniture shares should not be included in the marital estate. Wife did not have the shares valued for trial purposes but proposed a valuation of the shares based upon that attributed to them for gift tax purposes, $120,640. Husband argued that the shares had been acquired during the marriage and that their value should be included in the marital estate to be divided by the trial court, although he agreed that Wife should retain ownership of the shares. Husband presented the expert testimony of Kim Kinnaman (Kinnaman) who had appraised the value of the shares as of August 2, 2017, the date of the filing for dissolution, at $171,054.

[7] Evidence was adduced at trial that one of the properties owned through Boeckman Rentals was a commercial warehouse which had been purchased in 2015 for $110,000 and was rented by Boeckman's Furniture. Husband presented an appraisal valuing the warehouse at $262,500. Wife argued that the Boeckman Rentals real property should not be part of the marital estate because it was purchased with money from their children's bank accounts. However, Wife also litigated the value of the warehouse parcel, and her expert testified that the property was worth $121,000 because the property was located in a floodplain, was in disrepair, had a leaky roof, had structural deficiencies, and was outdated.

[8] As to the parties' personal property, Husband argued that his gun collection and Wife's jewelry had an approximate equal value and that those items offset one another. The parties disputed the value of the German American Bank stock,

with Wife valuing it at $49,232.00 and Husband valuing it at $64,765.64. In addition, the parties agreed that Husband would retain possession of his 2017 Chevrolet Silverado and that Wife would retain her 2013 Lincoln MKX. The parties also agreed that the 2012 Polaris RZR 800S was worth $6,000 and that it would go to Husband. The parties further agreed that the 1995 Geo Tracker and the 2013 Suzuki motorcycle would go to Husband and that a golf cart would go to Wife, but they disagreed on the values of these vehicles. There was no agreement between the parties as to the value or disposition of the 2007 Lotus Exige S, the Kubota B3000 tractor with attachments, the G1900 Kubota mower, or the 2011 16-foot trailer.

[9]     On April 4, 2019, the trial court entered its Order dividing the marital estate, in which it made the following relevant findings and conclusions:

> 17. Credible evidence supports the value of Wife's Boeckman['s] Furniture shares at $120,640.
>
> * * * *
>
> 21. Gifts of shares of stock of Boeckman['s] Furniture solely in Wife's name evidence [sic] the intention of [W]ife and gifter, [Wife's Mother], *that the stock remain the property of Wife and not be included in the value of the marital estate*.
>
> 22. [The c]ourt finds and concludes that the value of the shares of Boeckman['s] Furniture in the amount of $120,640, *should not be included in the value of the marital estate* because the value of the shares at the time of the gifting was solely due to the efforts and work of Wife's parents. . . . The [c]ourt finds that the intention of

the gift to Wife from her mother was for Wife to keep it as her divisible property, *and that the gifts of the Boeckman['s] Furniture shares should not be included as part of the divisible assets of the marital estate.* [The] Boeckman['s] Furniture shares shall remain property of Wife.

* * * *

41. The [c]ourt finds that the value of the warehouse owned by Boeckman Rentals is $135,000, considering the condition of the property.

* * * *

46. [The c]ourt finds that Husband shall be entitled to all of the guns and Wife shall be entitled to possession of all of her jewelry.

* * * *

50. [The c]ourt finds that the vehicles that were owned by the parties have been divided in a way agreeable and fair to both parties so that *no value or inclusion for those vehicles is included as part of this Order dividing the marital estate.*

51. [The c]ourt finds that any property not specifically provided herein shall remain the property of the party with possession of that property.

(Appellant's App. Vol. II, pp. 8-9, 11-12) (emphasis added). The trial court did not enter any findings or conclusions regarding the German American Bank stock. The trial court did not enter any findings or conclusions regarding the

net worth of the marital estate, but it ordered Husband to make an equalization payment to Wife of $27,747.50.

[10] Husband now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

## I. *Standard of Review*

[11] Husband challenges the trial court's Order distributing the marital assets. Because the trial court issued findings and conclusions, we apply a two-tiered standard of review. *Quinn v. Quinn*, 62 N.E.3d 1212, 1220 (Ind. Ct. App. 2016). "First, we determine whether the evidence supports the findings, and second, whether the findings support the judgment." *Id.* The trial court's findings control unless there are no facts in the record to support them, either directly or by inference. *Id.* However, we review legal conclusions *de novo*. *Id*. We will set aside a trial court's judgment only if it is clearly erroneous, and a judgment is 'clearly erroneous' if, after review of the evidence most favorable to it, we are firmly convinced that a mistake has been made. *Id*.

## II. *Division of Marital Assets*

[12] Husband raises several issues challenging the trial court's division of assets, one of which we find to be dispositive, namely that the trial court erred when it excluded certain assets from the marital estate. We review a trial court's division of marital assets for an abuse of discretion. *Fobar v. Vonderahe*, 771 N.E.2d 57, 59 (Ind. 2002). A trial court must divide the marital estate in a "just and reasonable" manner. Ind. Code § 31-15-7-4(b). Moreover,

[i]t is well settled that in a dissolution action, all marital property goes into the marital pot for division, whether it was owned by either spouse before the marriage, acquired by either spouse after the marriage and before final separation of the parties, or acquired by their joint efforts. Ind. Code § 31-15-7-4(a). For purposes of dissolution, property means "*all* the assets of either party or both parties." Ind. Code § 31-9-2-98 (emphasis added). The requirement that all marital assets be placed in the marital pot is meant to insure that the trial court first determines that value before endeavoring to divide property. Indiana's "one pot" theory prohibits the exclusion of any asset in which a party has a vested interest from the scope of the trial court's power to divide and award. While the trial court may decide to award a particular asset solely to one spouse as part of its just and reasonable property division, it must first include the asset in its consideration of the marital estate to be divided.

*Bock v. Bock*, 116 N.E.3d 1124, 1127 (Ind. Ct. App. 2018) (quoting *Falatovics v. Falatovics*, 15 N.E.3d 108, 110 (Ind. Ct. App. 2014) (citations and quotation marks omitted)).

[13] Husband argues that the trial court erred when it failed to include in the marital estate the twenty-six shares in Boeckman's Furniture shares gifted to Wife during the marriage, the vehicles owned by the parties, and the German American Bank stocks. We agree. As to the shares and the vehicles, the values of which were largely disputed by the parties, it is apparent from the portions of the trial court's Order highlighted above that the trial court specifically excluded those assets from the marital pot, which was an abuse of its discretion. *See* I.C. § 31-15-7-4(a); *Falatovics*, 15 N.E.3d at 110-11 (holding that exclusion of

Husband's interest in real property conveyed to him by his parents during the marriage was reversible error).

[14] In addition, in its Order the trial court did not enter any findings or conclusions determining the value of, or dividing, the German American Bank stocks, even though both parties submitted proposed valuations for that asset and requested that it be divided. Although the trial court ordered that "any property not specifically provided herein shall remain the property of the party with possession of that property," our review of the record did not reveal any evidence of which party was in possession of the German American Bank stocks. In any event, the parties disputed the value of the stocks. Therefore, we remand and instruct the trial court to include these excluded assets in the marital estate, determine their value where disputed, and re-divide the marital estate in the manner it deems appropriate. *See Falatovics*, 15 N.E.3d at 112 (remanding for redistribution of marital estate after inclusion of previously-excluded marital assets).

[15] Given our resolution of this issue, we do not address Husband's argument that the trial court abused its discretion when it awarded an unequal share of the marital estate to Wife in light of the statutory factors set out in Indiana Code section 31-15-7-5 for the division of marital property, because the trial court's division of assets was not based on the entire marital estate. We also decline to address Husband's argument that the trial court erred when it awarded "various items of personal property" to Wife based solely on her testimony that those items were hers prior to the marriage or were gifts from Wife's mother, as

Husband fails to support this argument with any citations to the record identifying the property that is the subject of his argument or Wife's testimony. *See* Ind. Appellate Rule 46(A)(8)(a) ("Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on[.]"); *see also Crider v. Crider*, 15 N.E.3d 1042, 1071 (finding an issue waived for failure to make cogent argument), *trans. denied*. Lastly, we note that Husband argues that the trial court erred when it failed to "include the value of the jewelry [Wife] retained." (Appellant's Br. p. 20). The trial court ordered that "Husband shall be entitled to all of the guns and Wife shall be entitled to possession of all of her jewelry," which was an adoption of Husband's proposed finding and conclusion as to those items. (Appellant's App. Vol. II, p. 12). Therefore, we find that Husband has invited any error as to that finding. *See Balicki v. Balicki*, 837 N.E.2d 532, 541 (Ind. Ct. App. 2005) (holding that a party is precluded from taking advantage of an error that he commits or invites), *trans. denied*.

### III. *Valuation of Marital Assets*

Husband also contends that the trial court erred when it valued the twenty-six shares in Boeckman's Furniture and the real property owned by the parties through Boeckman Rentals. As in dividing the assets of a marital estate, a trial court has broad discretion in valuing an asset based on the evidence before it. *Bingley v. Bingley*, 935 N.E.2d 152, 157 (Ind. 2010). We review a trial court's valuation of marital assets for an abuse of discretion, and, so long as sufficient evidence and reasonable inferences support the valuation, the trial court has not

abused its discretion. *Id.* "In other words, we will not reverse the trial court unless the decision is clearly against the logic and effect of the facts and circumstances before it." *Quillen v. Quillen*, 671 N.E.2d 98, 102 (Ind. 1996). In conducting our review, we do not weigh evidence, but we will consider the evidence in the light most favorable to the judgment. *Id.*

### A. *Shares in Boeckman's Furniture*

Husband contends that the trial court abused its discretion when it valued the twenty-six shares of Boeckman's Furniture at $120,640 before excluding it from the marital estate for division. Husband argues that this valuation was in error because the trial court was required to value the shares as of a date between August 2, 2017, the filing for dissolution, and the final hearing and that the only evidence supporting the trial court's chosen value came from the gift tax return for the shares, which was filed in 2015. A trial court has discretion when valuing the marital assets to set any date between the date of filing the dissolution petition and the date of the hearing. *Id.*; *McGrath v. McGrath*, 948 N.E.2d 1185, 1187 (Ind. Ct. App. 2011). A trial court may choose any date for valuing an asset between those defined date parameters. *Knotts v. Knotts*, 693 N.E.2d 962, 968 (Ind. Ct. App. 1998), *trans. denied*. A trial court abuses its discretion in valuing a marital asset by "not selecting a date between the dissolution petition filing date and the final hearing date." *Trackwell v. Trackwell*, 740 N.E.2d 582, 584 (Ind. Ct. App. 2000), *trans. dismissed*.

Here, the trial court valued the shares at $120,640. Husband's expert, Kinnaman, valued the shares at $171,054 as of August 2, 2017, the date of the

filing for dissolution. The only other evidence of the value of the shares, proffered by Wife, was the gift tax valuation of $120,640 that was prepared over two years before the filing for dissolution. The valuation of the shares was not a heavily contested issue at trial because Wife argued that the shares should be excluded entirely from the marital estate. The trial court did not enter a finding regarding what date it used for valuing the shares and found only that "credible evidence" supported its chosen valuation. As such, there is nothing in the record or the trial court's Order from which we can infer that the trial court chose a valuation date within the defined parameters.

[19] Wife does not contest that the trial court chose a date for valuing the shares that predated the dissolution filing. Rather, she argues that "[v]aluation dates are not fixed in stone and may be outside the time of separation." (Appellee's Br. p. 15). In support of her argument, Wife directs our attention to *Crider v. Crider*, 15 N.E.3d 1042, 1059 (Ind. Ct. App. 2014), *trans. denied*, wherein a 2006 comparable land sale value was admitted as part of the evidence supporting a 2009 real estate evaluation for marital asset distribution. Although Wife's argument in this regard is not well-developed, we find *Crider* to be unpersuasive because the trial court in that case did not simply adopt the 2006 comparable sale value, and the party challenging the valuation did not assert that the trial court had chosen a valuation date for the real estate outside of the defined date parameters. *Crider*, 15 N.E.3d at 1158-59. Neither do we find Wife's reliance on *Webb v. Schleutker*, 891 N.E.2d 1144, 1151 (Ind. Ct. App. 2008), wherein a bank balance sheet preceding the date of filing was part of the evidence at trial

regarding the worth of farm equipment, to be dispositive. As in *Crider*, in *Webb*, the trial court did not simply adopt a valuation that could have only come from a date outside the defined date parameters, and the party challenging the valuation did not raise the issue implicated in this case.

[20] We conclude that the trial court abused its discretion when it apparently valued the Boeckman's Furniture shares as of January 1, 2015. *Compare Trackwell*, 740 N.E.2d at 584-85 (finding the trial court's selection of the date of the parties' physical separation prior to filing date for valuing marital assets to be an abuse of discretion); *with Thompson v. Thompson*, 811 N.E.2d 888, 919-20 (Ind. Ct. App. 2004) (upholding trial court's valuation of marital residence consistent with Wife's pre-final-separation appraisal where issue was heavily contested and inferences from evidence adduced at trial supported the chosen valuation), *trans. denied*. We remand and instruct the trial court to select a valuation date for the shares between the date of filing for dissolution and the date of the final hearing in conjunction with its consideration of this asset as part of the marital estate.

### B. *Boeckman Rentals Warehouse Property*

[21] Husband also contends that the trial court's valuation for the warehouse property owned through Boeckman Rentals was an abuse of its discretion because Husband argues that his expert's appraisal was more credible based upon a variety of factors. Unlike the shares in Boeckman's Furniture, the value of the warehouse property was a litigated issue at trial. Husband's expert testified that his valuation of the property at $262,500 was based upon his

exterior visual inspection, comparable sales in the area, and the fact that the warehouse was rented to Boeckman's Furniture for $5,000 a month. Wife's expert, who had done appraisals for forty years, testified that his valuation of the warehouse property of $121,000 was based upon sales of comparable properties and on his interior and exterior inspections which revealed that the property was in "poor" condition. (Transcript, Vol. II, p. 246).

[22] The trial court ultimately assessed the value of the property to be $135,000 "considering the condition of the property" and awarded the property to Wife. (Appellant's App. Vol. II, p. 11). The trial court's valuation was within the range of values suggested by the parties' expert witnesses and, thus, we affirm. *See Campbell v. Campbell*, 118 N.E.3d 817, 821 (Ind. Ct. App. 2019) (finding no abuse of discretion where trial court's chosen valuation for property was within the range of values supported by the evidence); *see also Whaley v. Whaley*, 436 N.E.2d 816, 821 (Ind. Ct. App. 1982) (finding no abuse of the trial court's discretion where the trial court valued real property at an amount between Husband's and Wife's competing appraisal values). To find otherwise would be to ignore our standard of review which precludes us from reweighing the evidence presented at trial. *See Quillen*, 671 N.E.2d at 102.

## CONCLUSION

[23] Based on the foregoing, we conclude that the trial court abused its discretion when it excluded the Boeckman's Furniture shares, the vehicles, and the German American Bank stock from the marital estate and when it valued the shares. However, we conclude that the trial court acted within its discretion

when it valued the Boeckman Rentals warehouse property.  We remand and instruct the trial court to include the excluded assets, value the shares, the vehicles, and the German American Bank stock, and to apportion the marital estate in the manner it deems appropriate.

[24] Affirmed in part, reversed in part, and remanded with instructions.

[25] Vaidik, C. J. and Bradford, J. concur