In re the Marriage of Patrick
McGRATH, Appellant–
Respondent,

v.

Linda Sue Hickman McGRATH,
Appellee–Petitioner.

No. 46A03–1008–DR–429.

Court of Appeals of Indiana.

May 5, 2011.

William Janes, David K. Payne, Michigan City, IN, Attorneys for Appellant.

Michael S. Bergerson, Law Offices of Michael S. Bergerson, Michigan City, IN, Attorney for Appellee.

## OPINION

BROWN, Judge.

Patrick McGrath ("Husband") appeals the trial court's valuation of certain real property in the decree of dissolution. Husband raises one issue, which we restate as whether the court abused its discretion in determining the value of certain real estate in the marital estate. We reverse and remand.

The relevant facts follow. Husband and Linda Sue Hickman McGrath ("Wife") were married in September 1971. The parties purchased real property located on Lake Shore Drive (the "Lake Shore Property") in 1990 and at 103 Shawmut Avenue (the "Shawmut Property") in 1994, both located in Michigan City, Indiana.

In March 2005, Wife filed a petition for dissolution of marriage. Later in 2005, the parties sold the Lake Shore Property and distributed the net proceeds of the sale pursuant to a written agreement.[1] In December 2005, the Shawmut Property was appraised at $389,000. In November 2009, the Shawmut Property was appraised at $229,000.

A final hearing on the petition for dissolution was held on April 28, 2010, at which the parties presented evidence and arguments related to the value of the parties' marital property including the Shawmut Property. On May 11, 2010, the court entered a decree of dissolution of marriage

1. A copy of this agreement was not included in the record.

which included a division of the marital property using the 2005 appraisal amount as the value of the Shawmut Property.

On May 28, 2010, Wife filed a motion to correct error and a motion for clarification.[2] On June 9, 2010, Husband filed a motion to correct error arguing that the court abused its discretion in using the 2005 appraisal amount of the Shawmut Property rather than the 2009 appraisal amount to calculate the division of the marital property. After a hearing, the court issued an order on the parties' motions to correct error in which it denied Husband's motion.[3]

The issue is whether the court abused its discretion in using the 2005 appraisal amount of the Shawmut Property to divide the marital real estate. Husband argues that the court abused its discretion "in using the date of filing as the valuation date of real estate awarded to [him] that significantly decreased in value due only to economic/market forces during the provisional period." Appellant's Brief at 4. Husband argues that by using the 2005 appraisal amount instead of the 2009 appraisal amount, "the trial court, in effect, deviated from an equal division of marital assets, and contravened its express finding that the statutory 50/50 division presumption should apply." Id. at 7–8. Husband argues that "[i]nstead of an equal division of marital assets, [Wife] actually received over 62% of the marital pot" and that "[t]he intention of the trial court to equally split the marital property was undermined through the inflation of the value of the Shawmut [P]roperty by $160,000." Id. at 8. Husband further argues that the court improperly allocated the risk of loss to him, that no evidence was presented at trial to suggest that he caused or contributed to the property's loss of value, that the Shawmut Property was jointly owned and that he could not unilaterally sell the property, and that both parties should share the risk of loss in the marital asset.

Wife argues that "[i]nasmuch as[ ] the Court divided the 'marital pot' equally, there was no deviation from the statutory 50/50 presumption" and that "[t]herefore, the equal division of the 'marital pot' by the trial court should not be disturbed." Appellee's Brief at 5. Wife argues that even if the court agreed that the market value of real estate had diminished to some extent by 2010, the valuation date selected by the court was within the court's discretion considering the lengthy provisional period, "the selection of the filing date to value all other marital assets including, pensions and 401(k)'s," the "inherent differences between the valuation of real estate and easily ascertainable daily valuation of liquid investments," the occupation by Husband of the Shawmut Property "during the lengthy provisional period," and "the unique nature of Lake Michigan beach front real estate located in Sheridan Beach." Id. at 6. Wife further argues that "post decree modification floodgates will open if this Court will permit the 'phatom loss' of equity to outweigh the ability of the trial court to divide the marital property in a just and reasonable manner." Id. at 6–7. Wife also argues that Husband took no action to petition the court for permission to sell the real estate and determine its real market value and that the "invited

**2.** Wife's motion to correct error is not included in the record.

**3.** In its order, the court stated: "Husband argues that the Court erred in valuing the [Shawmut Property] at its 2005 value of $389,000.00 rather than $229,000.00, the value on the date of the final hearing. When determining the value of the estate, all assets were valued on the date of filing. This is within the Court [sic] discretion and is not error." Appellant's Appendix at 162.

error doctrine precludes [Husband] from sleeping on his rights and obligations," that "[i]f anyone was in a position to control the destiny of the real estate, it was [Husband]," and that she "should not be required to make, what amounts to be a 'bailout to [Husband]' for his 'phantom loss.'" *Id.* at 7.

With respect to the valuation of the Shawmut Property, the dissolution decree states:

6. DIVISION OF REAL ESTATE OR REAL ESTATE EQUITY:

   a. The parties own real estate located at and commonly known as 103 Shawmut Avenue, Michigan City, Indiana.

   b. This real estate shall now be the sole and separate property of Husband. This property has decreased in value since the date this Petition for Dissolution was filed in 2005. An appraisal was done by Thomas Eiler on December 16, 2005. At that time, the market value of the Shawmut home was found to be $389,000.00 (Petitioner's Exhibit 4). Another apprisal [sic] was done on November 25, 2009, also be [sic] Thomas Eiler. In 2009 the house was valued at $229,000.00 (Respondent's Exhibit F).

   c. As might be expected, Wife proposes the house be valued using the 2005 appraisal. She argues this is appropriate as all other assets of the marriage are valued as of the date of filing in 2005. Husband asks the house be valued in accordance with the 2009 value because of the significant change of housing costs since 2005.

   d. The trial court has broad discretion to value marital property as of any date between the date of

filing the dissolution petition and the date of the final hearing. *Trackwell v. Trackwell,* 740 N.E.2d 582, 584 [ (Ind.Ct.App. 2000) (citing *Eyler v. Eyler,* 492 N.E.2d 1071, 1074 (Ind.1986)), *trans. dismissed* ]. There is no requirement that the same valuation date must be used for every asset. *Wilson v. Wilson,* 732 N.E.2d 841, 844 [ (Ind.Ct.App.2000), *trans. denied* ].

   e. In this case, the house on Shawmut has suffered a loss of value over the last few years. Decreasing property values have affected the entire housing market. The future valuation of this house is, of course, unknown. All the other marital assets are valued as of the date of filing. The Shawmut house will also be given the value it had at the time of filing.

   e. Wife shall execute a Quit–Claim Deed transferring all right, title and interest in and to said real estate to Husband, thereby extinguishing the interest of Wife therein.

Appellant's Appendix at 155–156.

A trial court has broad discretion in determining the date upon which to value marital assets. *Wilson v. Wilson,* 732 N.E.2d 841, 845 (Ind.Ct.App.2000), *trans. denied.* This court has stated that for purposes of choosing a date upon which to value marital assets, the trial court may select any date between the date of filing the petition for dissolution and the date of the final hearing. *Id.* Further, there is no requirement in our law that the valuation date be the same for every asset. *Id.*

Pursuant to Ind.Code § 31–15–7–5, the trial court is required to divide the marital estate in a just and reasonable manner, with an equal division being presumed just

and reasonable.[4] *Swadner v. Swadner*, 897 N.E.2d 966, 977 (Ind.Ct.App.2008). The party challenging a trial court's division of the marital estate must overcome a strong presumption that it considered and complied with the applicable statute. *Id.* This court has stated that "[t]he presumption is one of the strongest presumptions applicable to our consideration on appeal." *Id.* Marital property includes property owned by either spouse prior to the marriage, acquired by either spouse after the marriage and prior to final separation, or acquired by their joint efforts. *Id.* The trial court's disposition of the marital estate is to be considered as a whole, not item by item. *Id.*

We have previously stated that, although a trial court "may choose any date within defined parameters in determining the value of an asset," we "do not believe that the discretion afforded trial judges is inconsistent with their ability to select a date which would avoid injustice," and that it "is possible for a court to abuse its discretion in picking a [valuation] date which unjustly fails to account for" a significant change in an asset's value during the proceedings. *Knotts v. Knotts*, 693 N.E.2d 962, 969 (Ind.Ct.App.1998), *trans. denied.* We have also concluded that a trial court can abuse its discretion in failing to "consider the total equity in the marital residence." *Swadner*, 897 N.E.2d at 978.

Here, we initially note that the trial court in its decree indicated that it intended to achieve an equal division of the marital property. The court equally divided the value of Husband's defined benefit and 401(k) plans. The decree does not state that the presumption of equal division was rebutted by relevant evidence of the factors listed in Ind.Code § 31–15–7–5. Further, the court stated, in its order on the parties' motions to correct error, that "[t]here is insufficient evidence to rebut the presumption that the marital assets should be split evenly (fifty-fifty)."[5] Appellant's Appendix at 163.

The record reveals that the court admitted evidence at the final hearing of both the 2005 and 2009 appraisals. While the December 2005 appraisal report indicated that the Shawmut Property was worth $389,000 at that time, Husband presented evidence in the November 2009 appraisal report which indicated that the property had declined in value to $229,000 by 2009. This evidence suggests that the Shawmut Property had declined in value by $160,000. This amount, especially in light of the total value of the marital estate to be divided, is substantial and represents a significant departure from an equal division of the marital estate. There is no indication that Husband caused the decline in the Shawmut Property and there appears to be no legitimate reason, and the trial court did not determine that any such reason existed, why both parties should not share in the change or risk of change in the value of the Shawmut Property (whether such a change resulted in an increase or decrease in the value of the property) in light of the length of the parties' marriage, the fact that the parties' joint marital income was used to purchase the equity in the property beginning in 1994, and that the Shawmut Property was

4. Ind.Code § 31–15–7–5 provides in part that a trial court "shall presume that an equal division of the marital property between the parties is just and reasonable" but that "this presumption may be rebutted by a party who presents relevant evidence ... that an equal division would not be just and reasonable...."

5. Although this finding is listed under a heading addressing Wife's motion to correct errors, the court's finding nevertheless indicates that it intended to equally divide the marital estate.

in the joint names of both parties. The trial court's division of marital property did not account for the decrease in value of the Shawmut Property during the pendency of the proceedings and ultimately rendered an unequal division of marital property, which was contrary to the court's stated intent.

Based upon the record, and given that the court indicated that it intended to divide the marital estate equally and did not find that the presumption of equal division had been rebutted, we conclude that the court abused its discretion in failing to consider the substantial change in value of the Shawmut Property as expressed in the 2009 appraisal report to calculate the total marital assets and distribution of the marital property. Accordingly, we remand with instructions to enter a modified decree of dissolution or an amendment to the decree reflecting an equal division of the parties' marital estate considering the change in value of the Shawmut Property. See Swadner, 897 N.E.2d at 977–978 (holding that the trial court abused its discretion when it failed to include the total equity in the marital residence in its calculation of the marital estate and remanding with instructions to either recalculate the parties' marital estate following the statutory presumption of an equal division or to set forth its rationale for deviating from that presumption).

For the foregoing reasons, we reverse and remand for modification of the decree of dissolution.

Reversed and remanded.

BAILEY, J., concurs.

FRIEDLANDER, J., concurs in result with separate opinion.

FRIEDLANDER, Judge, concurring in result.

I concur with the Majority and write separately to stress that my vote is based upon the internal inconsistency that is apparent in the trial court's division of property. The court expressed its intention to divide the property equally between Husband and Wife. Without further elaboration, I take the trial court's expression to mean that it intended that each party was to receive a portion of the total marital estate that was more or less equal in value to the other party's portion. Moreover, read in context, the court's order clearly conveyed that this equality of value was to be measured at the time the dissolution decree was entered. Yet, the trial court acknowledged that, by that time, the Shawmut Property was actually worth $160,000 less than the value assigned to it—i.e., $160,000 less than the value necessary to achieve a true equal division at the time of dissolution. A trial court has the discretion to choose a valuation date from among a range of options, and it has the discretion to divide an estate evenly, or not, depending upon particular circumstances. It may not, however, purport to achieve a current equal division by assigning a value to an asset that does not comport with current reality.