Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEYS FOR APPELLANT:

**BRYAN LEE CIYOU**
**LORI B. SCHMELTZER**
Ciyou & Dixon, PC
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**ANTHONY C. LAWRENCE**
Anderson, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MELISSA K. KLABUNDE, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 48A04-1306-DR-306 |
| | ) | |
| KIRK A. KLABUNDE, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Randy Hainlen, Special Judge
Cause No. 48C02-1111-DR-763

**April, 8, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Melissa ("Wife") and Kirk ("Husband") Klabunde's marriage was dissolved in Madison Circuit Court. Wife appeals the decree of dissolution and raises two issues, which we consolidate and restate as: whether the trial court abused its discretion by choosing to value the marital assets as of the date of filing for dissolution where the value of the marital assets increased significantly between the date of filing and the date of the final hearing.

We affirm.

### Facts and Procedural History

Husband and Wife were married in 1992, and two children were born to their marriage. After their children were born, Mother stayed at home to care for them for eight years until their youngest child began kindergarten. Wife then returned to work and is employed as an elementary school teacher. Her income is substantially less than Husband's, who is the regional market president for a bank.

Husband filed a petition to dissolve the parties' marriage on November 21, 2011. The final hearing was delayed for approximately fifteen months due primarily to issues involving custody and parenting time of the children. Final hearings occurred on January 11, 2013 and March 8, 2013.

Prior to the final hearing, the trial court informed the parties that the court intended to value the marital assets as of the date Husband filed the petition for dissolution. Wife disagreed with the trial court's intent and presented evidence of the assets as of the date of the final hearing. The value of marital assets increased between November 21, 2011, and March 8, 2013. But the value of one asset, Husband's 401k,

2

had a significant and substantial increase of $61,616. Husband was awarded his 401k in the division of the marital assets.

The trial court determined that an unequal division of the marital assets was appropriate for the following reasons:

> (a) Husband is a Vice President for First Merchant's Bank. Wife is an elementary school teacher. Husband's salary greatly exceeds that of Wife. Husband's income has increased at a greater rate than Wife's has. His economic circumstances will continue to be better than Wife's. Husband has other job benefits such as a company car, stock options, and a full health insurance plan. Wife will have to use health insurance through her work, which has a $4,000 deductible.
> (b) Wife has custody of the children and will need to provide them with an adequate home. Because of this divorce, Wife is having to move with the children from the marital residence.
> (c) Wife stayed home with the children for 8 years, thus delaying her education and her career.

Appellant's App. p. 13. Therefore, after valuing the marital assets as of the date of filing, the trial court awarded Husband assets totaling $198,982 and awarded assets to Wife totaling $200,331.

The trial court also ordered Husband to pay Wife a judgment of $20,000 for the following reasons:

> This is an effort to recognize that a strictly even distribution of assets is not appropriate here, due to the unequal earning capacity and circumstances of the parties as earlier discussed. Though the Court uses date of filing valuations, it does recognize that some of Husband's assets have grown considerably since that date due to economic recover. The Court also notes that Wife has not contributed significantly to the family overall expenses since Fall 2011.

Id. at 14. The Court also ordered the marital residence sold and the net proceeds of the sale of the residence will be divided equally.

3

Wife now appeals the decree of dissolution. Additional facts will be provided as necessary.

## Standard of Review

When a trial court enters findings of fact and conclusions of law pursuant to Indiana Trial Rule 52(A), we apply a two-tiered standard of review. In re Visitation of M.L.B., 983 N.E.2d 583, 585 (Ind. 2013). We must first determine whether the evidence supports the findings, and second, whether the findings support the judgment. K.I. ex rel J.I. v. J.H., 903 N.E.2d 453, 457 (Ind. 2009). We will set aside findings of fact and conclusions of law only if they are clearly erroneous, and "'due regard shall be given to the opportunity of the trial court to judge the credibility of witnesses.'" M.S. v. C.S., 938 N.E.2d 278, 281-82 (Ind. Ct. App. 2010) (quoting K.I. ex rel. J.I. v. J.H., 903 N.E.2d 453, 457 (Ind. 2009)). A judgment is clearly erroneous when the record contains no evidence supporting the findings, the findings fail to support the judgment, or when the trial court applies an incorrect legal standard to properly found facts. Id. at 282.

## Discussion and Decision

Division of the marital estate is within the discretion of the trial court. Hartley v. Hartley, 862 N.E.2d 274, 283 (Ind. Ct. App. 2007). An equal division is presumed to be just and reasonable. See Ind. Code § 31-15-7-5. However, that presumption may be rebutted by a party who presents relevant evidence that an equal division would not be just and reasonable. Id.

The trial court also has discretion to value the marital assets at any date between the date of filing and the date of the final hearing. Trabucco v. Trabucco, 944 N.E.2d 544,

4

558 (Ind. Ct. App. 2011), trans. denied. We will reverse the trial court's decision as to a valuation date only where it is clearly against the logic and effect of the facts and circumstances before the trial court. Id. Although the date selected for the valuation of an asset has the effect of allocating the risk of a change in the asset's value to one party or the other, this allocation of risk is entrusted to the discretion of the trial court. Id.

Our courts have repeatedly held that the choice to assign an early valuation date to an asset that later decreases in value is not necessarily an abuse of discretion. See e.g. Quillen v. Quillen, 671 N.E.2d 98, 100-03 (Ind. 1996); Reese v. Reese, 671 N.E.2d 187, 191 (Ind. Ct. App. 1996), trans. denied (affirming the date of filing valuation for the parties' business, which had decreased several million dollars in value during the pendency of the dissolution proceedings). A trial court "may choose any date within defined parameters in determining the value of an asset[.]" McGrath v. McGrath, 948 N.E.2d 1185, 1188 (Ind. Ct. App. 2011).

In Quillen, the parties' business decreased substantially in value during the dissolution proceedings. The decline in value occurred because Husband had been charged with child molestation. Our court reversed the trial court's decision to value the business on the date the dissolution petition was filed and held:

> We hold that where, as here, the value of a marital asset changes radically between the date of final separation and the final hearing, it is an abuse of the trial court's discretion to select a valuation date that does not account for the events contributing to that change.

Id. (quoting Quillen v. Quillen, 659 N.E.2d 566, 573 (Ind. Ct. App. 1995), trans. granted). But our supreme court expressly disapproved of our holding and observed that adopting

5

this court's holding as the rule of law would "impermissibly impinge upon" the trial court's discretion. Id. at 102-03.

In response to Quillen, our court has observed that "we do not believe that this discretion afforded trial judges is inconsistent with their ability to select a date which would avoid injustice[.]" Knotts v. Knotts, 693 N.E.2d 962, 969 (Ind. Ct. App. 1998), trans. denied; see also McGrath, 948 N.E.2d at 1188. Moreover, our court has hypothesized that it "is possible for a court to abuse its discretion in picking a [valuation] date which unjustly fails to account for" a significant change in an asset's value during the proceedings. Knotts, 693 N.E.2d at 969. But, in Trabucco, we declined "to extend the Knotts dictum" to the facts of the case and affirmed the trial court's date of filing valuation on an E*Trade account, which account's value declined over $175,000 between the filing date and date of the final hearing.[1] 944 N.E.2d at 558-60.

In this case, we deal with the opposite circumstance: an increase in the value of the parties' assets during the dissolution proceedings. Prior to the start of the final hearing, the trial court informed the parties that the court intended to use the date of filing valuation for the marital assets. At the hearing, Wife continued to argue for a date of final hearing valuation and presented evidence of the current value of the marital assets. Utilizing the date of filing values, the trial court awarded $198,982 in martial assets to Husband, and $200,331 to Wife.[2] But the court also ordered Husband to pay Wife

---

[1] In Trabucco, Husband maintained sole control over the account and the decline in the account's value was due to a change in market forces outside the control of either party. Id. at 559-60.

[2] These amounts do not reflect the personal property awarded to the parties or the equal division of equity in the mariral residence after it is sold.

6

$20,000, in part because of increase in the marital assets awarded to Husband; therefore, Wife was awarded a total of $220,331 in the dissolution decree.

However, in her Appellant's brief, Wife observes that when the date of final hearing values of the marital assets are considered, Husband actually received a greater portion of the martial estate. Specifically, the date of final hearing value of the marital assets equals $269,184 awarded to Husband and $254,713 to Wife. The increase in the value of the marital assets was attributable partly to contributions the parties made while the proceedings were pending but mostly to market forces. This increase in value, while not insignificant, is not so substantial that the trial court's decision to utilize the date of filing value was unjust.

As it intended, the trial court unequally divided the marital estate in favor of Wife as the marital estate existed on the date Husband filed his petition for dissolution.[3] Wife's argument that the marital estate was unequally divided in Husband's favor is not accurate because the trial court acted within its discretion when it valued the assets of the marital estate on the date of filing.

[3] Wife also argues that the trial court abused its discretion when it ordered the parties to equally split the net equity in the marital residence when it is sold. She claims that "if the trial court had intended to maintain its 53%/47% division, as set forth in dividing the investment accounts, it should have maintained the same pro rata share in dividing the equity of the marital residence upon sale." Appellant's Br. at 29. However, the trial court concluded only that an uneven division of the assets was appropriate and did not assign specific percentages of assets to each party. Because the equal division of equity in the marital residence maintains the unequal division of marital assets (utilizing the date of filing values) in Wife's favor, we are not persuaded that the trial court committed reversible error.

Wife also argues that the trial court's conclusion of law concerning division of the equity of the marital residence is vague because the court ordered that "[a]ny increase in equity after [the date of the dissolution decree] shall be to Husband's benefit, as he is making the [mortgage] payments." Appellant's App. p. 11. The parties presented evidence of the value of the marital residence and their mortgage obligations at the dissolution hearing, although the court declined to assign a specific value to the home, that evidence is in the record. When the marital residence sells, if the parties cannot agree on whether any additional equity accrued in the residence after the date of dissolution, they can litigate the issue at that time. Mother's argument is not ripe for adjudication.

Moreover, both parties benefited from the increased date of final hearing values of the marital assets. The trial court considered the evidence of the increased values and concluded:

> Though the Court uses date of filing valuations, it does recognize that some of Husband's assets have grown considerably since that date due to economic recover. The Court also notes that Wife has not contributed significantly to the family overall expenses since Fall 2011.

Appellant's App. p.14.

We are sympathetic to Wife's argument, and we might have reached a different conclusion than the trial court. However, we cannot change the standard of review for the trial court's decision, abuse of discretion. And we cannot conclude that the trial court abused its discretion as a matter of law when it valued the marital assets as of the date of filing. See Quillen, 671 N.E.2d at 102 (Ind. 1996) ("This court has made clear that the trial court has discretion when valuing the marital assets to set any date between the date of filing the dissolution petition and the date of the hearing.")). For all of these reasons, we affirm the trial court.

Affirmed.

VAIDIK, C.J., and PYLE, J., concur.