Kathy D. ROBERTSON, Appellant–
Respondent,

v.

Dennis F. ROBERTSON,
Appellee–Petitioner.

No. 34A05–9308–CV–292.

Court of Appeals of Indiana,
Fourth District.

May 24, 1994.

Rodney V. Shrock, Kokomo, for appellant.

RILEY, Judge.

Respondent–Appellant Kathy D. Robertson (Kathy) appeals from a judgment granting Petitioner–Appellee Dennis F. Robertson's (Dennis) petition to modify custody of one of their children.

We reverse.

*ISSUE*

Did the trial court abuse its discretion by finding that Dennis demonstrated changed circumstances so substantial and continuing as to make the existing custody order unreasonable?

*FACTS*

Kathy and Dennis were married on October 30, 1971, and three children were born to the marriage: two daughters, born on October 26, 1974, and April 9, 1978, and a son, T.R., born on May 17, 1976. Kathy petitioned for dissolution on January 28, 1988, and as part of the dissolution decree of April 15, 1988, Kathy was awarded custody of the children subject to Dennis's visitation rights.

Dennis petitioned to modify the custody order pertaining to T.R. on June 25, 1991.

In his petition he alleged "a substantial and continuing change of circumstances ha[d] occurred since the entry of the Court's decree and that it would be in the best interests of the minor child for the Court to change his custody." (R. 21). His petition did not state specific changes which had taken place.

At a hearing on April 27, 1993, Dennis testified that at the time of the divorce he was depressed and drinking. Although he was employed at that time, an accident, in which alcohol was a factor, had forced him to retire, and he and the three children received social security disability payments.

Kathy testified that she and Dennis lived four miles from each other in the same school district. Since the divorce both daughters lived with her, but T.R. has lived both with her and Dennis. T.R. lived with Dennis during the summer of 1988, and January to July, 1991. Kathy has been very liberal with T.R.'s visitation with Dennis because she wanted to encourage a good relationship between father and son. Kathy said she was happy having T.R. live part of the year with each parent because T.R. benefited by living in both homes. When asked about Dennis's influence on T.R., Kathy responded:

> Well, I know [Dennis] loves [T.R.]. There's not a doubt in my mind about that. What I'm concerned about is, I want [T.R.] to do more than just hunt and fish for the rest of his life. He's bright. He's good looking. He's got a lot of potential to do things and I think he needs to see how the other half lives. If he can go to [Dennis]'s and do what he wants to do there, that's fine. He also needs to be with people that have to get up and get out and go to work and show up at certain times to do things, and I don't think he's going to get that at [Dennis]'s. (R. 150).

The trial court granted Dennis's petition to modify custody. The court's order states, in relevant part:

> The court finds that there has been a substantial change in circumstances within the last year in that [T.R.] has matured, that his interests are in line with those of

his father and that his future interest will lie in that direction. Further, that he desires to live with his father and has been visiting with his father to the extent that he has basically lived with him. (R. 88).

Kathy appeals.

### DISCUSSION [1]

Kathy contends that Dennis did not produce evidence to prove a decisive change in conditions in the custodial arrangements which make the existing order unreasonable. We agree.

■ In an initial custody determination, the trial court presumes that both parents are equally entitled to custody. *Simons v. Simons* (1991), Ind.App., 566 N.E.2d 551, 554. However, in a subsequent petition to modify custody the burden is on the petitioner to demonstrate that the existing custody order is unreasonable. *Lamb v. Wenning* (1992), Ind., 600 N.E.2d 96, 98. This is because permanence and stability are considered best for the welfare and happiness of the child. *Id.* A trial court may modify a custody arrangement only upon "a showing of changed circumstances so substantial and continuing as to make the existing custody order unreasonable." IND.CODE 31–1–11.5–22(d) (1993). This statute is a codification of case law, which requires a change in circumstances so decisive in nature as to make a change in custody necessary for the welfare of the child. *Lamb*, 600 N.E.2d at 98.

■ When we review a trial court's decision on a petition to modify custody, we determine whether the record discloses evidence or reasonable inferences to be drawn therefrom which serve as a rational basis to support the findings of the trial court. *Simons*, 566 N.E.2d at 555. We reverse a trial court's determination only when the petitioner fails to allege and prove a decisive change in conditions and the trial court does not make findings that there was a change in conditions which warranted a modification of

---

1. Dennis did not file an appellate brief. When the appellee fails to submit a brief, the appellant may prevail by making a prima facie showing of

reversible error. *Watkins v. Alvey* (1990), Ind. App., 549 N.E.2d 74, 76.

custody, or when the trial court abuses its discretion. *Id.; Walker v. Chatfield* (1990), Ind.App., 553 N.E.2d 490, 493.

In the case at bar, the result is the same under either a deficiency or an abuse of discretion analysis. Under the deficiency analysis, Dennis merely alleges that there has been a change in conditions without asserting what the specific changes are. There was no allegation or evidence of actions or circumstances which constitute a decisive change of conditions, and we cannot reasonably draw inferences from the evidence presented which could serve as a rational basis to support the findings of the trial court.

The trial court's findings are also deficient. The court found that T.R. has matured, he shares interests with his father, and desires to live with him. The court also noted that T.R. "has been visiting with his father to the extent that he has basically lived with him." (R. 88).

Children grow and mature from year to year, and the fact that a child is older when a petition for modification is filed is not evidence of a significant change. Likewise, the fact that T.R. and Dennis share common interests or that T.R. has lived with Dennis for considerable periods of time is not evidence of change given that Kathy has encouraged T.R.'s relationship with his father and allowed T.R. to stay at his father's house two months after the divorce became final. Thus, Dennis's petition to modify, the evidence presented, and the trial court findings are deficient and cannot support the modification.

In reviewing the record as a whole, and considering Indiana's fixed policy favoring a stable, permanent home, we find the trial court's determination is also contrary to the logic and effect of the facts and circumstances. *Simons,* 566 N.E.2d at 556. Considering the evidence most favorable to the decision, we cannot find evidence of any change of circumstances which impacts upon the child's welfare, apart from Dennis's ability to control his consumption of alcohol and to spend time with his son. Nor was any evidence presented to indicate that the existing custody order is unreasonable. In addition, absent evidence that the existing custody order is unreasonable, a child's wishes alone will not support a modification of custody. *Winderlich v. Mace* (1993), Ind.App., 616 N.E.2d 1057, 1060.

Thus, we conclude that the trial court abused its discretion and must be reversed. We sincerely regret that our reversal may further disrupt T.R.'s life and may run contrary to his wishes. However, we remand to the trial court with instruction to enter an order consistent with this opinion, including an appropriate order regarding the support matters litigated below.

Judgment reversed.

RUCKER, J., concurs in result.

ROBERTSON, J., concurs.