**FOR PUBLICATION**

FILED
Sep 12 2014, 10:19 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DEBORAH M. AGARD**
Law Office of Deborah M. Agard
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**AMANDA C. DUNNUCK**
Muncie, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN RE: THE MARRIAGE OF ANN (SUTTON) BAKER, | ) ) ) | |
| Appellant-Respondent, | ) ) | |
| and | ) ) | No. 18A02-1401-DR-58 |
| MILO SUTTON, | ) ) ) | |
| Appellee-Petitioner. | ) ) ) | |

APPEAL FROM THE DELAWARE CIRCUIT COURT
The Honorable Kimberly S. Dowling, Judge
Cause No. 18C02-1307-DR-77

**September 12, 2014**

**OPINION - FOR PUBLICATION**

**ROBB, Judge**

Ann Baker Sutton ("Mother") appeals from the trial court's order modifying custody and granting primary physical and legal custody of the parties' fifteen-year-old son, B.S. ("Child"), to Milo Sutton ("Father"). Mother raises one issue: whether the trial court's decision to modify custody was erroneous.[1] Concluding the order was not in error, we affirm.

## Facts and Procedural History

Mother and Father divorced in November of 1999. Since that time, Mother had sole legal and physical custody of Child, and Father had parenting time pursuant to the Indiana Parenting Time Guidelines ("IPTG"). Father exercised additional parenting time in excess of the IPTG minimums until 2010, at which time Mother began to deny his requests for additional time.

On June 18, 2013, Father filed his Verified Petition for Change of Custody and Modification of Support Accordingly. On December 6, 2013, Father filed a motion for an *in camera* interview to be held with Child. The trial court granted that motion, and both parties submitted proposed questions for the interview. A hearing on Father's petition was held on December 17, 2013, and the court conducted its *in camera* interview on the record with Child on December 20, 2013.

The trial court entered its order on Father's petition on January 7, 2014. The trial court made the following findings of fact relevant to its decision to modify custody:

---

[1] The trial court's order also contained modifications to the parties' child support obligations that were part and parcel of the custody modification. Neither party challenges those portions of the order, and Mother's appeal is solely focused on whether the decision to modify custody was in error.

5. [Child's] relationship with his Father has changed over the years, becoming a more mature relationship, even more significantly so in the past year.

6. [Child's] communication with Father has opened up in the past year, and he has begun sharing more of his life experiences with Father.

7. [Child] has also developed a more serious interest in golf during the past year, which is a serious interest of Father's, and this has allowed them to bond more significantly.

8. [Child] also has a passion for computers, which is Father's vocation.

9. In the past, Father has initiated most of the telephone contact with [Child] through the week, however, in the past year [Child] has started initiating the calls to Father.

10. Father has had difficulty attending many of [Child's] extracurricular events, however, this is due primarily to his work schedule and distance between Muncie and Carmel.

11. [Child] has had some difficulty with his grades, and must work diligently to maintain B's and C's.

12. [Child] has been active in boy scouts, swimming, track, cross-country and football, however, [Child] is not currently interested in many of those activities. Mother continues to force [Child] to participate in events in which he is no longer interested.

13. Father has remarried and his wife has two daughters who live with them.

14. Mother has remarried, and her husband's children are grown and live elsewhere.

15. [Child] fits in well with his step-mother's children and he enjoys spending time in Father's household.

16. [Child's] relationship with his Mother and step-father has become complicated and strained.

17. Father is a trained teacher and can and has assisted [Child] with his studies.

18. [Child's] Mother has attempted to help him with his studies, but her efforts have not truly assisted [Child]. As Mother is not a trained educator, she has made a genuine effort, but [Child] has not found her methods to be helpful.

***

24. Education would appear to be important to both parents.

25. Should the Court modify the custody order, [Child] would have to switch schools . . .

26. While Mother feels that Father does not pay appropriate attention to [Child's] homework and grades, the Court finds that Father is effective in assisting [Child] with homework and studying.

***

29. [Child] expressed his desire to the Court to live with his Father.

30. In the "big picture" view, the Court finds that, while Mother's intentions are good, Mother is what the Court would refer to as a "helicopter mom." [Child] is fifteen years old, and he needs to start developing into his own person. The Court's view is that Mother is trying to control the person that [Child] is developing into, and he will never be truly happy unless [Child] determines who that person is. Father, on the other hand, seems to understand the concept of giving [Child] some space. Certainly, some structure may be necessary for [Child's] learning, but Father seems to understand the happy medium between providing some assistance with the structure, but giving [Child] the necessary space to grow as a person.

Appellant's Appendix at 11-13. The court concluded that the facts indicated a substantial change in circumstances and that a modification of custody was in Child's best interest. Consequently, the trial court awarded sole legal and physical custody to Father. This appeal followed. Additional facts may be provided as necessary.

## Discussion and Decision

### I. Standard of Review

A modification of custody is a determination that rests in the sound discretion of the trial court. Jarrell v. Jarrell, 5 N.E.3d 1186, 1190 (Ind. Ct. App. 2014). When reviewing the trial court's decision, we may neither reweigh evidence nor judge the credibility of witnesses. Id. We consider only the evidence favorable to the trial court's judgment and all reasonable inferences derived from it. Id.

The trial court in this case entered findings of fact and conclusions sua sponte. In this scenario, the specific findings control only with respect to the issues they cover, while a general judgment standard applies to issues outside the court's findings. Julie C. v. Andrew C., 924 N.E.2d 1249, 1255 (Ind. Ct. App. 2010). The trial court's findings or

judgment will be set aside only if they are clearly erroneous.  Id.  A finding of fact is clearly erroneous when there are no facts or inferences drawn therefrom to support it.  Id.

## II.  Custody Modification

Mother argues on appeal that the trial court's decision to modify custody was clearly erroneous.  Indiana law provides in relevant part:

> (a) The court may not modify a child custody order unless:
>     (1) the modification is in the best interests of the child; and
>     (2) there is a substantial change in one (1) or more of the factors that the court may consider under section 8 . . . of this chapter.
> (b) In making its determination, the court shall consider the factors listed under section 8 of this chapter.

Ind. Code § 31-17-2-21.  The relevant factors listed under section 8 are:

> (1) The age and sex of the child.
> (2) The wishes of the child's parent or parents.
> (3) The wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age.
> (4) The interaction and interrelationship of the child with:
>     (A) the child's parent or parents;
>     (B) the child's sibling; and
>     (C) any other person who may significantly affect the child's best interests.
> (5) The child's adjustment to the child's:
>     (A) home;
>     (B) school; and
>     (C) community.
> (6) The mental and physical health of all individuals involved.
> (7) Evidence of a pattern of domestic or family violence by either parent.
> . . . .

Ind. Code § 31-17-2-8.[2]  "[A] change in circumstances must be judged in the context of the whole environment, and the effect on the child is what renders a change substantial or inconsequential."  Jarrell, 5 N.E.3d at 1193 (citation and quotation marks omitted).[3]

Here, the trial court concluded "[t]here has been a substantial change in at least five of the statutory circumstances."  Appellant's App. at 13.  The court's order primarily relied on Child's desire to live with Father and Child's interaction and interrelationship with Father, Mother, and Child's half-siblings.[4]

Perhaps the most substantial change in circumstances in this case is Child's wish to live with Father.  Because Child was fifteen years old at the time of the hearing, Indiana law mandates that his preference be given "more consideration" by the trial court.  See Ind. Code § 31-17-2-8(3).  Mother claims "[t]he trial court violated the long standing principle that a change in a child's wishes cannot serve as a basis to modify custody."  Appellant's Brief at 12.  This argument is incorrect on its face, because our statutes clearly establish the "wishes of the child" as a factor on which a custody modification may be based.  See Ind. Code §§ 31-17-2-8(3) and -21(a)(2).  This court has remarked on occasion that "a change in the child's wishes, standing alone, cannot support a change in

---

[2]  The eighth and final factor listed under Indiana Code section 31-17-2-8 has been omitted because it concerns de facto custodians, which this case does not involve.

[3]  We note that several of the factors the trial court found relevant in this case are largely focused on circumstances of the Child and Father.  Prior decisions of this court have emphasized that the primary focus should be on changes in circumstances of the custodial parent.  See, e.g., Drake v. Washburn, 567 N.E.2d 1188, 1190 (Ind. Ct. App. 1991) ("Typically, cases dealing with modification of child custody decrees are based on changes of circumstances respecting the custodial parent, although the noncustodial parent's circumstances are of course not irrelevant."), trans. denied.  However, our current version of the statute and the factors it lists for consideration suggests a broader inquiry.  See Ind. Code § 31-17-2-8.

[4]  The order also notes Child's substantial increase in age since the last custody determination—i.e. since the dissolution of marriage.  While this may be a substantial change in circumstances, Father has not demonstrated that it is a change that weighs in favor of a custody modification.

custody." Williamson v. Williamson, 825 N.E.2d 33, 40 (Ind. Ct. App. 2005). This seems to be somewhat out of sync with the language and interpretations of our current statute. See Ind. Code § 31-17-2-21 ("The court may not modify a child custody order unless . . . there is a substantial change in one (1) or more of the factors . . . .") (emphasis added); In re K.I., 903 N.E.2d 453, 460 (Ind. 2009) ("[A] substantial change in any one of the statutory factors will suffice [to support a modification.]"). That said, we are cognizant that there are certain inherent dangers in allowing custody modifications to occur solely at the behest of a child. Suffice it to say, there is a host of potential factors and circumstances that could dictate whether a child's wishes constitute a substantial change in circumstances and whether a modification would be in the best interests of the child where the sole basis for modification is the child's preference. In this case, however, the child's wishes are reinforced by additional factors found by the trial court which are supported by the evidence; this leads us to the conclusion that the trial court's modification of custody is not clearly erroneous. See Parks v. Grube, 934 N.E.2d 111, 117-18 (Ind. Ct. App. 2010) (affirming trial court's modification of custody where children over age of fourteen wished to live with petitioner and changes in other statutory factors were also found by the trial court); Williamson, 825 N.E.2d at 40-42 (same).

As stated above, another relevant factor in this analysis is the child's interactions and interrelationships with parents and siblings, see Ind. Code § 31-17-2-8(4), and the trial court also found that Child's recent interactions and interrelationships with those persons constituted a substantial change in circumstances. As to Child's relationship with Father, the trial court found that Child has grown closer with Father in recent years,

opening up to Father about details of his personal life and taking the initiative in contacting Father to talk during the week. Child also has developed a passion for computers, which is Father's vocation, and Child has taken a serious interest in golf, which is a passion shared by Father. Regarding his half-siblings, Child indicated he enjoys spending time in Father's household and gets along with his half-siblings. Child also expressed a desire to be closer with his younger half-siblings and to be given the opportunity to act as a role model for them, similar to his relationship with his older siblings. As to Child's relationship with Mother, the trial court found that the relationship has become "complicated and strained." Appellant's App. at 12. It also found that Mother is overbearing and has forced Child to participate in extracurricular activities in which Child has little to no interest.

Mother concedes that "[t]hese findings are supported by the Record." Appellant's Br. at 13. She argues, however, that they are not sufficient to support a custody modification. We disagree. Mother relies on Robertson v. Robertson, 634 N.E.2d 93 (Ind. Ct. App. 1994). In Robertson, the trial court granted a custody modification on the grounds that the child shared common interests with his father and desired to live with him. This court reversed the trial court's modification of custody, concluding that the trial court's findings were not supported by evidence in the record. Id. at 95. This case is unlike Robertson, because the trial court's findings in this case are in fact supported by the record, as Mother's brief openly acknowledges.[5] Additional arguments made by

_____

[5] We also note that Robertson was decided prior to the major amendment to the custody modification statute that took effect July of 1994. Robertson relied upon the old standard that a custody order must be "unreasonable" and the change in circumstances must be "so decisive in nature as to make a change in custody

Mother that the findings of changed circumstances are not sufficient to warrant a modification amount to a request to reweigh the evidence, which we will not do. Jarrell, 5 N.E.3d at 1190. As our supreme court has explained regarding our review of custody modifications, "we are in a poor position to look at a cold transcript of the record, and conclude that the trial judge, who saw the witnesses, observed their demeanor, and scrutinized their testimony as it came from the witness stand, did not properly understand the significance of the evidence . . . ." Kirk v. Kirk, 770 N.E.2d 304, 307 (Ind. 2002).

Mother also takes issue with the trial court's determination that modification is in Child's best interests. However, her argument rests on the premise that "each of the 'changed circumstances' discussed above is removed from the analysis under the legal authorities cited" in her brief. Appellant's Br. at 27. Having found the trial court's findings of changed circumstances—particularly with respect to Child's wishes and his interactions and interrelationships with parents and siblings—are supported by the record and are not contrary to law, we find Mother's best interests contentions to be unavailing. We do not discount the fact that stability is an important factor when considering whether a modification of custody is appropriate. See Dwyer v. Wynkoop, 684 N.E.2d 245, 248-49 (Ind. Ct. App. 1997), trans. denied. However, the trial court did consider that Child would be required to change schools and adjust to a new environment, and the court concluded that, under the circumstances, the balance nonetheless fell in favor of a

necessary for the welfare of the child" before a modification may be ordered. Id. at 94. We note that the current version of the statute did away with the "very strict" standard that was in effect when Robertson was decided. See Joe v. Lebow, 670 N.E.2d 9, 19 (Ind. Ct. App. 1996) (discussing effect of 1994 amendment on child custody modification statute).

modification of custody. We cannot conclude that the court's decision is clearly erroneous.

Conclusion

Concluding the trial court's decision to modify custody is not clearly erroneous, we affirm.

Affirmed.

BAKER, J., and KIRSCH, J., concur.