

**FILED**

Dec 20 2018, 5:42 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

George S. Brasovan
Law Office of George S. Brasovan, P.C.
Merrillville, Indiana

Renee M. Ortega
ROK Legal Group, LLC
Crown Point, Indiana

ATTORNEY FOR APPELLEE

George R. Livarchik
Livarchik & Farahmand
Chesterton, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Celene I. Bock,

*Appellant-Petitioner,*

v.

Dale F. Bock,

*Appellee-Respondent*

December 20, 2018

Court of Appeals Case No.
18A-DR-38

Appeal from the Lake Superior
Court

The Honorable Elizabeth F.
Tavitas, Judge

The Honorable Thomas P. Hallett,
Magistrate

Trial Court Cause No.
45D03-1512-DR-849

**Crone, Judge.**

## Case Summary

Celene I. Bock ("Wife") appeals the trial court's division of property in

proceedings dissolving her marriage to Dale F. Bock ("Husband"). She alleges

that the trial court erred in including as a marital asset her survivor benefit from Husband's pension. She also challenges the valuation of the survivor benefit as well as the trial court's equal division of the marital estate. Finding that Wife's survivor benefit was properly included and valued and that the trial court acted within its discretion in equally dividing the marital estate, we affirm.

# Facts and Procedural History[1]

Husband and Wife married in August 1985 and separated in December 2015. Before the marriage and until his 2005 retirement, Husband was employed at the Lake County Sheriff's Department. He had accrued ten years of service on his Sheriff's Department pension prior to the marriage and began taking disbursements in 2005. He made an election for Wife to receive a survivor benefit ("SBP") under the pension plan, and the election was irrevocable once he began taking disbursements. The SBP election resulted in a lower monthly disbursement under the plan.

In December 2015, Wife filed a verified petition for marital dissolution. The trial court conducted hearings on three different dates, the last of which was March 1, 2017, and the parties waived the time limit for issuance of the dissolution decree. Three weeks later, Wife filed a motion to re-open her case in chief, and following a hearing, the trial court granted Wife's motion and

---

[1] In conducting our review, we have found several deviations by both parties from the Indiana Rules of Appellate Procedure, e.g., including argument in the facts section of the brief, print and spacing issues, and reliance on outdated rules concerning word count. *See* Ind. Appellate Rules 43, 44(D). We also observe the use of improper citation form. *See* Ind. Appellate Rule 22. We admonish counsel to consult the current Rules of Appellate Procedure as well as the current edition of *The Bluebook, A Uniform System of Citation.*

permitted her to submit additional evidence concerning the value of Husband's pension.

[3] In April 2017, Wife sought and was granted permission to file a pension evaluation and analysis. Both parties filed proposed dissolution decrees, with Wife seeking to exclude her SBP from the marital estate and requesting fifty-eight percent of the marital estate and Husband seeking the pre-coverture portion of his property. Wife filed a motion to strike Husband's amended proposed decree, which the trial court denied. On July 20, 2017, the trial court issued its dissolution decree with findings of fact and conclusions thereon. The court valued Husband's pension at $460,211.60, to be divided equally pursuant to its finding that the parties had failed to prove any grounds for deviating from the statutory fifty/fifty presumptive split. The court included as marital property Wife's SBP, valued at $83,401, and awarded it to her as part of the property division.

[4] Both parties filed motions to correct error, and Husband sought clarification and correction of a clerical error in the trial court's decree and a stay of execution. The court corrected a clerical error in paragraph 15[2] of its order and otherwise denied Husband's motions. Wife withdrew her assertion of error related to paragraph 15, and the court denied the balance of her motion to

---

[2] The trial court revised paragraph 15 of the dissolution decree to read, in relevant part, "Husband requests that he be awarded all property acquired prior to the marriage" instead of "Husband requests that he be awarded all property acquired during the marriage[.]" Appealed Order at 1.

correct error. Wife now appeals. Additional facts will be provided as necessary.

## Discussion and Decision

## Section 1 – The trial court did not err in including Wife's SBP interest in the marital estate.

[5] Wife contends that the trial court erred in including the SBP in the marital estate. Where, as here, the trial court enters findings of fact and conclusions sua sponte, the specific findings control only with respect to the issues they cover, and we apply a general judgment standard to all issues on which there are no findings. *In re Marriage of Sutton*, 16 N.E.3d 481, 484-85 (Ind. Ct. App. 2014). The findings or judgment will be set aside only if they are clearly erroneous, meaning that there are no facts or inferences drawn therefrom to support them. *Id*. at 485.

[6] Wife admits that, "[u]pon analysis, the [SBP] is vested and is a marital asset." Appellant's Br. at 15. Notwithstanding, she claims that it should have been excluded from the marital pot.

> It is well settled that in a dissolution action, all marital property goes into the marital pot for division, whether it was owned by either spouse before the marriage, acquired by either spouse after the marriage and before final separation of the parties, or acquired by their joint efforts. Ind. Code § 31-15-7-4(a). For purposes of dissolution, property means "*all* the assets of either party or both parties." Ind. Code § 31-9-2-98 (emphasis added). The requirement that all marital assets be placed in the marital pot is meant to insure that the trial court first determines that

value before endeavoring to divide property. Indiana's "one pot" theory prohibits the exclusion of any asset in which a party has a vested interest from the scope of the trial court's power to divide and award. While the trial court may decide to award a particular asset solely to one spouse as part of its just and reasonable property division, it must first include the asset in its consideration of the marital estate to be divided.

*Falatovics v. Falatovics*, 15 N.E.3d 108, 110 (Ind. Ct. App. 2014) (citations and quotation marks omitted).

[7] Wife essentially argues that her SBP must be excluded because it is subject to complete defeasance if she predeceases Husband and therefore is too speculative and remote to constitute marital property. She relies on the recent case of *Harrison v. Harrison*, in which another panel of this Court affirmed the trial court's decision to exclude from the marital estate a wife's interest in her family trusts. 88 N.E.3d 232, 235 (Ind. Ct. App. 2017), *trans. denied* (2018). The *Harrison* court emphasized that the wife's interest was subject to a complete defeasance if she predeceased her parents and that even during her lifetime, she was not entitled to any disbursements and would receive a disbursement only upon a majority vote of the co-trustees. *Id*.

[8] We find *Harrison* distinguishable. While *Harrison*'s discussion of remoteness and defeasance is instructive, the distinction between the family trusts in that case and the pension benefits in this case cannot be ignored. Our legislature and our courts have spoken directly and specifically where the asset at issue is a present or future interest in a pension plan. Indiana Code Section 31-9-2-98(b)

includes the following within the definition of property to be included in the marital estate:

> (1) a present right to withdraw pension or retirement benefits; [and]
>
> (2) the right to receive pension or retirement benefits that are not forfeited upon termination of employment or that are vested (as defined in Section 411 of the Internal Revenue Code) but that are payable after the dissolution of marriage[.]

[9] As previously noted, it is undisputed that Husband's pension rights vested during the marriage. In fact, Husband took monthly disbursements for ten years prior to the dissolution, and his election to provide a SBP benefit for Wife meant a decrease in his monthly disbursements. As of the date of initial disbursement, the SBP election became irrevocable. Nevertheless, in characterizing her interest as defeasible, remote, and speculative, Wife appears to argue that for her SBP interest to be deemed marital property, it too must be vested during the marriage, which would be impossible because it would vest only on Husband's death.

[10] In *Carr v. Carr*, another panel of this Court reversed the trial court's exclusion of the wife's SBP interest from the marital estate. 49 N.E.3d 1086, 1087 (Ind. Ct. App. 2016), *trans. denied*. There, the Court explained that it is the *pension-earner's* right to the pension, not the SBP designee's right, that must vest during the marriage for the property to be considered part of the marital estate. *Id*. at 1090. The *Carr* panel further emphasized that the vesting of the pension-

earner's interest is not only a necessary condition but also a "*sufficient* condition for a right to a benefit to constitute an asset." *Id.* at 1089 (emphasis added).

> To hold that SBPs are not marital property would be to remove any incentive a pension-earner would otherwise have to elect the benefit. By making the election, the pension-earner reduces the income he or she would have received during his or her lifetime; if the SBP is not counted in the marital pot, the pension-earner would clearly benefit financially by not making the election. Electing a SBP provides value to the other spouse, which the law acknowledges by counting that value as part of the marital pot.

*Id.* at 1090-91.

[11] In *Leonard v. Leonard*, another panel of this Court found the spouses' reciprocal SBPs to be marital assets subject to division. 877 N.E.2d 896, 901 (Ind. Ct. App. 2007). There, the husband had a military pension and the wife had a civil service pension, both of which included mandatory SBPs. The *Leonard* panel found that the trial court had properly included in the marital estate both the present net value of the pensions and the SBPs and ordered an even split of the SBP premiums:

> The survivor benefit plan is designed to provide financial security to a designated beneficiary of a military member, payable only upon the member's death in the form of an annuity. Upon the death of the member, all pension rights are extinguished, and the only means of support available to survivors is in the form of the survivor benefit plan.

*Id.* (quoting *Smith v. Smith*, 438 S.E.2d 582, 584 (W. Va. 1993)).

Both *Carr* and *Leonard* illustrate that present and future pension interests are properly includable in the marital estate despite the inherently uncertain nature of both parties' interests. A pension holder who has vested but has not yet taken distributions would suffer a complete defeasance if he/she were to die and would not be entitled to any further benefits if he/she is already taking distributions. Similarly, the SBP designee receives benefits only if he/she outlives the pension holder and therefore would suffer a complete defeasance for predeceasing the pension holder. In other words, where pensions are involved, both parties' interests are, to a certain extent, remote and speculative. At the same time, pension interests often represent a significant portion of the marital estate, particularly when the parties are older and one or both spouses have participated in the pension plan(s) for a significant length of time. Our legislature and our courts have recognized the uniqueness of pension interests and have determined that they are properly includable in the marital estate. The trial court did not clearly err in including Wife's SBP interest in the marital estate.

## Section 2 – Wife has failed to establish clear error in the trial court's valuation of her SBP interest.

Wife maintains that the trial court erred in valuing her SBP interest at $83,401.

> Valuing a pension requires a court to determine (1) what evidence must be presented to establish the value of the benefit, (2) what date must be used to assign a dollar amount to the benefit, and (3) how much of the benefit's value was the result of contributions made after the final separation date.

*Leonard*, 877 N.E.2d at 900.

Wife challenges the trial court's reliance on Husband's expert witness, Dr. Jonathan Furdek, in arriving at its valuation of her SBP interest. "A valuation submitted by one of the parties is competent evidence of the value of property in a dissolution action and may alone support the trial court's determination in that regard." *Alexander v. Alexander*, 927 N.E.2d 926, 935 (Ind. Ct. App. 2010) (quoting *Houchens v. Boschert*, 758 N.E.2d 585, 590 (Ind. Ct. App. 2001), *trans. denied* (2002)), *trans. denied*.

Dr. Furdek, an economist with a PhD from Purdue University, testified concerning his experience and his methodology used in determining the present value of a SBP. He explained that he "relied on U.S. Life Expectancy Tables, the Mortality Tables the United States provides, to determine the life expectancy of [Husband] and [Wife]." Tr. Vol. 2 at 123. In explaining his conclusions, he reported, "Essentially what I was able to determine, based on U.S. Life Tables, is that [Wife] had roughly 4.1 additional years of life expectancy beyond the life expectancy of [Husband], and so there would be 4.1 years that she would be receiving a survivor benefit." *Id*. at 126. He also indicated that to ascertain the specifics of Husband's pension plan, he relied on information contained in an affidavit submitted by the pension plan administrator, which indicated, among other things, that Husband had already accepted a 100% survivor option that was irrevocable as of the date he retired. Respondent's Ex. C. Dr. Furdek also testified that he considered the amount of

the pension benefit that Husband was currently receiving as well as a cost of living adjustment built into the pension.

[16] Dr. Furdek's lengthy testimony concerning his methodology for arriving at the present value of the SBP includes the following:

> [T]o determine that present value, I need to determine an appropriate discount factor. The method and the model is (sic) very standard and very uniform. It's found in any undergraduate textbook. It's the model for calculating present value. What I do in these cases, however, is I calculate a present value for each and every year. I don't just generalize and come up with one interest rate and project that to the future and then proceed to find a value. Rather, what I do is, I consult U.S. treasury securities which is the most widely accepted set of interest rates, minimizes risks in every sense, as it's most widely accepted by economists …. There's no guess work involved here. There's no estimating or projection. I could go into the marketplace and buy U.S. treasur[y] securities that would provide that yield and would enable me to payoff that pension if I were in that business. So those are firm rates that are available and I used a different rate for each year[.]

*Id.* at 130-31.

[17] Wife alleges that her SBP interest was valued too high, considering that she might never receive it at all and that even the actuarial tables show her life expectancy to exceed Husband's by only 4.1 years. The trial court addressed this concern, finding that "[t]he restriction on [Wife's] right to receive the [SBP] benefit was considered as a factor in the value of the asset." Appellant's App. Vol. 2 at 15. Wife offers no alternate methodologies or figures and instead

simply revisits her argument that the SBP should not have been considered marital property in the first place. The trial court did not clearly err in its valuation of Wife's SBP interest.

## Section 3 – The trial court acted within its discretion in dividing the property according to the statutory presumption favoring an equal division of the marital assets.

[18]     Finally, Wife contends that the trial court abused its discretion in dividing the marital property equally. The division of marital assets lies within the trial court's discretion, and as such, we reverse only on a showing that the court has abused its discretion. *Fischer v. Fischer*, 68 N.E.3d 603, 608 (Ind. Ct. App. 2017), *trans. denied*. An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Id*. In conducting our review, we neither reweigh evidence nor reassess witness credibility; rather, we consider only the evidence most favorable to the trial court's disposition. *Id*.

[19]     Indiana Code Section 31-15-7-5 reads,

> The court shall presume that an equal division of the marital property between the parties is just and reasonable. However, this presumption may be rebutted by a party who presents relevant evidence, including evidence concerning the following factors, that an equal division would not be just and reasonable:
>
> (1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.

(2) The extent to which the property was acquired by each spouse:

(A) before the marriage; or

(B) through inheritance or gift.

(3) The economic circumstances of each spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell in the family residence for such periods as the court considers just to the spouse having custody of any children.

(4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property.

[20] Per the statute, a trial court starts with the presumptive fifty/fifty division of marital assets and then determines whether the presumption has been rebutted by relevant evidence indicating that an equal division would not be just and reasonable. *Barton v. Barton*, 47 N.E.3d 368, 379 (Ind. Ct. App. 2015), *trans. denied* (2016). If the court deviates from the presumptive equal division, it must state its reasons for that deviation in its findings and judgment. *Id.*

[21] Wife requested that the trial court award her 58% of the marital estate due to the disparity in the parties' economic circumstances. While Wife correctly points out that her weekly wages of $187 are substantially less than Husband's $480, both are retired, both are employed only part time, and their weekly earnings are a small portion of their income, when considered in conjunction with their social security benefits and equal division of Husband's pension. The

court also noted the part-time earnings disparity, but reasoned that due to Husband's advanced age of 67, his part-time earnings potential was uncertain, especially in the field of law enforcement. Appellant's App. Vol. 2 at 17. Husband requested all property that he acquired prior to the marriage, including the pre-coverture portion of his pension. Appealed Order at 1. *See also* Appellant's App. Vol. 2 at 17 ("Husband accrued ten years of service on his pension prior to the marriage."). The trial court denied Husband's request and divided the entirety of his pension (valued at $460,211) equally without respect to any contributions by Husband prior to the marriage. Appealed Order at 1; Appellant's App. Vol. 2 at 17.

[22] To the extent that Wife cites as unfair Husband's receipt of the marital residence, a present enjoyment, in contrast to her SBP, a future defeasible interest, we will not revisit her argument that the SBP should not have been included in the marital estate. The trial court was unpersuaded by either party's argument concerning property division and found, "Neither party has proven by a preponderance of the evidence that an equal division of the marital estate would not be fair and reasonable such that the statute should be rebutted." *Id*. We agree, especially in light of the thirty-year duration of their marriage. The trial court acted within its discretion in ordering the equal division of the marital estate. Accordingly, we affirm.

[23] Affirmed.

Najam, J., and Pyle, J., concur.