# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 22 2019, 8:39 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Danielle L. Gregory
Law Office of Danielle Gregory
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Angela Field Trapp
Trapp Law, LLC
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

Shawn Douglas,

*Appellant-Petitioner,*

v.

Maurice T. Douglas, Sr.,

*Appellee-Respondent.*

April 22, 2019

Court of Appeals Case No.
18A-DR-2017

Appeal from the Marion Superior
Court

The Honorable Timothy W.
Oakes, Judge

The Honorable Caryl F. Dill,
Magistrate

Trial Court Cause No.
49D02-1010-DR-43163

**Najam, Judge.**

## Statement of the Case

Shawn Douglas ("Mother") appeals the trial court's modification of child custody, parenting time, and child support in favor of Maurice T. Douglas ("Father"). Mother raises four issues for our review, which we restate as follows:

1. Whether the trial court's modification of Mother's physical custody over the parties' minor child, M.D. ("Child"), is clearly erroneous.

2. Whether the court's modification of Mother's legal custody over Child is clearly erroneous.

3. Whether the court's modification of Mother's parenting time with Child is clearly erroneous.

4. Whether the court's modification of Mother's child support for Child is clearly erroneous.

We affirm.

## Facts and Procedural History

On March 21, 2018, Father filed an amended emergency petition to modify custody, parenting time, and child support with respect to Child. On May 3, the trial court held a fact-finding hearing on Father's petition. Mother and Father both testified at that hearing.

Thereafter, the trial court entered its order granting Father's petition. In its order, the court found and concluded as follows:

1.      This matter was last modified on April 9, 2014, when Mother was granted primary physical custody and the parties were ordered to share joint legal custody of [Child].  Father currently exercises parenting time according to the [Indiana Parenting Time Guidelines] with two midweek overnights.

2.      Father filed a Petition for Modification . . . alleging instability and domestic violence in Mother's residence as well as frequent moves and changes of schools.

3.      The court ordered the issue to mediation.  However, Mother refused to cooperate and attend mediation . . . .  Trial dates were then set and continued when Mother . . . agreed to cooperate in mediation.  However, she never did participate in mediation . . . .

4.      The court may modify child custody if it is in the best interests of the minor child and there has been a substantial change in one or more [of] the statutory factors . . . .

5.      . . . [A] substantial change of circumstances exists to justify modification of custody, parenting time[,] and support including but not limited to the changing needs of [C]hild, [C]hild's interaction and interrelationship with the parents[,] and [C]hild's adjustment to his community, his church[,] and/or his school.

6.      Specifically, on or about November 14, 2016, Father received a call from Mother's family advising him that domestic violence was occurring in Mother's home between Mother and her autistic brother which resulted in Mother picking up a gun which was lying on a nearby table and brandishing the gun at her brother in the presence of [C]hild.  The brother responded by brandishing a knife at Mother. . . .

7.     Mother subsequently moved out of her mother's home where this inciden[t] occurred and moved into Williamsburg North [Apartments] with [C]hild.  On February 12, 2018[,] Mother was evicted from Williamsburg North.  She has been evicted or relocated five to seven times.  She moved back in with her Mother who has dementia and with other extended family members who live there or are frequently present including her autistic brother . . . and another brother who has guardianship over [him].

8.     [C]hild is doing poorly in school.  He has failing grades and has been suspended for fighting.  He has had seven absences and has been tardy when Mother is supposed to get him to school.

9.     [C]hild has been enrolled in five schools since the divorce and had to change schools again when Mother moved back in to take care of her ailing mother.

10.     Mother does not communicate with [F]ather.  She blocked his phone number so he [can]not talk to her about [C]hild.  They have not talked about [C]hild's grades or the suspension from school.

* * *

12.     Father has worked for AT&T for 19 years.  He has lived in the same residence with his wife for many years.  He lives in Lawrence Township and has investigated their schools.

13.     It is in the best interests of [Child] to be placed in the sole legal and physical custody of Father.  It is clear that Mother is not willing to cooperate and communicate with Father to make decisions in [C]hild's best interests.  Mother should have no

overnight parenting time until she can demonstrate that she has a proper residence for [C]hild where there is no threat of domestic violence. Mother shall have parenting time away from her mother's residence in a public location agreeable to Father one evening per week from 4:00 pm to 8:00 pm and on alternate Sunday afternoons from noon to six pm.

14. Father's child support obligation is ordered terminated effective with the date of this order. Father has no arrearage.

15. Mother is ordered to pay child support to Father in the amount of $92.00 per week beginning August 1, 2018 . . . .

16. Father shall be entitled to claim the tax exemption for [C]hild beginning in 2018 and every year thereafter.

17. All communication between the parties shall be by email or text. Mother shall refrain from speaking in a negative manner about Father and his wife to [C]hild or in his presence. Mother shall not threaten [C]hild to keep him from sharing information with Father or enjoying a positive relationship with Father. Father shall keep Mother advised of [C]hild's school and extracurricular activities, but she should also take advantage of the school website to obtain independent information.

Appellant's App. Vol. II at 20-23. This appeal ensued.

# Discussion and Decision

### *Standard of Review*

Mother appeals the trial court's order to modify her physical and legal custody over Child, her parenting time with Child, and her child support for Child. The trial court's judgment is based on findings of fact and conclusions thereon

following an evidentiary hearing. We review such judgments under our clearly erroneous standard. *Steele-Giri v. Steele (In re Marriage of Steele-Giri)*, 51 N.E.3d 119, 123 (Ind. 2016). Under that standard, we first ask whether the evidence supports the trial court's findings, and we then ask whether the findings support the judgment. *Id.*

[6] Moreover,

> there is a well-established preference in Indiana for granting latitude and deference to our trial judges in family law matters. Appellate courts are in a poor position to look at a cold transcript of the record[] and conclude that the trial judge, who saw the witnesses, observed their demeanor, and scrutinized their testimony as it came from the witness stand, did not properly understand the significance of the evidence. On appeal it is not enough that the evidence might support some other conclusion, but it must positively require the conclusion contended for by appellant before there is a basis for reversal. Appellate judges are not to reweigh the evidence nor reassess witness credibility, and the evidence should be viewed most favorably to the judgment.

*Id.* at 124 (citations and quotation marks omitted).

### Issue One: Modification of Physical Custody

[7] Mother first asserts that the trial court erred when it modified physical custody over Child from Mother to Father. Indiana Code Sections 31-17-2-21 and 31-17-2-8 (2018) provide that a court may modify custody over a child if there has been a substantial change in any one of a number of statutory concerns, including the interaction and interrelationship of the child with his parents or other family members; the child's adjustment to his home, school, and

community; the mental and physical health of all individuals involved; evidence of a pattern of domestic or family violence; and the child's own wishes. "A change in circumstances must be judged in the context of the whole environment, and the effect on the child is what renders a change substantial or inconsequential." *Baker v. Sutton (In re Marriage of Sutton)*, 16 N.E.3d 481, 485 (Ind. Ct. App. 2014) (brackets and quotation marks omitted).

[8] On appeal, Mother asserts that the trial court's findings numbered 3 through 9 and 13 are not supported by the evidence. Insofar as we have quoted those findings above, Mother is not only incorrect, but many of the trial court's findings were supported by her own testimony to the court. And insofar as Mother relies on portions of the court's findings that we have not quoted above, we conclude that those portions were immaterial to the trial court's judgment. We reject Mother's arguments accordingly and affirm the trial court's modification of Mother's physical custody over Child.

### Issue Two: Modification of Legal Custody

[9] Mother next asserts that the trial court erred when it modified her legal custody over Child. On this issue, Mother asserts that the trial court's findings numbered 10, 13, and 17 are not supported by the evidence. Again, not only is Mother incorrect, the factual predicates for those findings were Mother's own admissions to the trial court in her testimony at the fact-finding hearing. *E.g.*, Tr. Vol. II at 33. Mother's argument to the contrary on appeal is without merit, and we reject it.

### *Issue Three: Modification of Parenting Time*

Mother's third issue on appeal is whether the trial court's modification of her parenting time with Child was clearly erroneous. In particular, Mother asserts that the court erred because findings 6 and 13 are not supported by the evidence. As discussed above, Mother is incorrect. Accordingly, we affirm the trial court's modification of her parenting time.

### *Issue Four: Modification of Child Support*

Mother's last argument on appeal is that the court erred when it modified her child support obligation. However, Mother's argument on this issue is expressly premised on this Court agreeing with her argument on Issue Three. As explained above, we do not agree with Mother's argument on Issue Three. Thus, we likewise reject her argument here.

## Conclusion

In sum, the trial court's findings as quoted above are supported by the record, and those findings support the trial court's judgment in all respects. Mother's only arguments on appeal disregard the evidence most favorable to the trial court's judgment or otherwise simply seek to have this Court reweigh the evidence on appeal. And to the extent Mother additionally argues that the findings do not support the judgment, those arguments rely upon her contention that the evidence does not support the findings, which, again, we do not accept. Accordingly, we reject Mother's arguments on appeal and affirm the trial

court's modification of Mother's physical and legal custody over Child, her parenting time with Child, and her child support for Child.

[13] Affirmed.

Pyle, J., and Altice, J., concur.